TRESEDER, Trustee, Respondent, vs. BURGOR and wife, Appellants.

*November 12—December 4, 1906.*

*Bankruptcy: Fraudulent conveyances: Rights of trustee: Distribution of assets: Jurisdiction of federal court: Pleading: Deeds: Equitable mortgage: Findings: Evidence.*

1. It is sufficient to authorize the trustee of a bankrupt to maintain an action to set aside a conveyance that the transfer was fraudulent as against creditors existing at the time it was made.
2. In such case, whether or not subsequent creditors can participate in the assets recovered by the trustee is immaterial so far as the trustee's right to maintain the action is concerned.
3. In such case the adjudication of the question how the fruits of the litigation shall be distributed among creditors is for the federal court in which the bankruptcy proceedings are pending.
4. In an action by a trustee in bankruptcy to set aside a conveyance because fraudulent as to creditors, a complaint showing a cause of action to set aside the conveyance upon the ground that it was, at least, fraudulent as to some creditors, is *held* sufficient.
5. In an action by a trustee in bankruptcy to set aside a deed as fraudulent as to creditors, the evidence, stated in the opinion, is *held* to sustain findings that the deed was valid only as an equitable mortgage to secure the bankrupt's actual indebtedness to the grantee, and that such indebtedness was only $380.

APPEAL from a judgment of the circuit court for Richland county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

This action is in the nature of a creditor's bill, brought by a trustee in bankruptcy to set aside, on the ground that the same was fraudulent as to creditors, a certain deed made by defendant *N. H. Burgor* to his wife and codefendant, *Mattie Burgor,* of a piece of real estate situated in the village of Viola upon which are located two business buildings, one used as a drug store and the other as a bank building. The deed was made October 26, 1903, and recorded within a day or so thereafter. November 6, 1905, defendant *N. H. Burgor,* who for many years had been doing business as a merchant and private banker at Viola, filed a petition in vol-

untary bankruptcy and was, on November 20, 1905, duly adjudicated a bankrupt. His liabilities as scheduled were upwards of $20,000, and his assets as appraised were about $7,500. The complaint alleges that he was, insolvent on the date of the deed. Separate answers were made by defendants, *Mattie Burgor* denying all the allegations of fraud and fraudulent knowledge upon her part at the time of taking the deed, and alleging that the deed was, in fact, executed to secure her for the payment of various sums of money which she had furnished and loaned her husband from her separate estate in former years, and which, on the date of deed, amounted, including accumulated interest,.to $2,221.66, said answer asking that the deed be decreed to be an equitable mortgage for the amount found due her, and such amount made a lien upon the premises prior to any lien decreed in plaintiff's favor representing the creditors of her husband. The answer of defendant *N. H. Burgor* is substantially the same, alleging the receipt of money at various times from his wife, which had never been repaid, and that the deed of October 26, 1903, was intended to secure her for said loans. The case was tried by the court, and the court found that the defendant *N. H. Burgor* was indebted to his wife on the date of the deed in the sum of $380 only, and that the conveyance was void as to creditors, except as to defendant *Mattie Burgor's* lien thereon for said sum, and that as to said sum the deed is an equitable mortgage. Judgment was entered on the findings of the court awarding plaintiff costs, and the amount of the costs as taxed was ordered to be deducted from the said $380, leaving $311.33 and interest to be paid to defendant *Mattie Burgor* by plaintiff before taking possession of said premises, from which judgment this appeal was taken.

For the appellants there was a brief by *C. W. Graves, L. H. Bancroft,* and *F. W. Burnham,* and oral argument by *Mr. Bancroft.*

*George W. Bunge,* for the respondent.

KERWIN, J. The errors assigned may be considered under two heads: (1) That the court erred in overruling the defendants' objection to the admission of any testimony under the complaint. (2) That the findings are not supported by the evidence.

1. It is contended by counsel for appellants that plaintiff in his representative capacity as trustee in bankruptcy of the estate of defendant *N. H. Burgor* represented two classes of creditors: (a) a class entitled to set aside the deed as fraudulent upon sufficient testimony, because they were creditors at the time of the execution of the deed; and (b) a class not entitled to set the deed aside, because they had become creditors after the alleged fraudulent transfer. And it is argued that the plaintiff representing creditors can only have relief for the first class, and the trial court could not undertake to determine that some could participate in the fruits of the litigation and others not. We are unable to agree with counsel for appellants in this contention. It is sufficient to authorize the trustee to maintain the action that the transfer was fraudulent as against creditors existing at the time it was made, and whether or not subsequent creditors can participate in the assets recovered by the trustee is entirely immaterial so far as the trustee's right to maintain the action is concerned. *Valley L. Co. v. Hogan,* 85 Wis. 366, 55 N. W. 415; *Jackman v. Eau Claire Nat. Bank,* 125 Wis. 465, 104 N. W. 98. The judgment in this case does not determine or adjudicate how the fruits of the litigation shall be distributed among creditors. That is a question for the federal court in which the bankruptcy proceedings are pending. *In re Cannon,* 121 Fed. 582. The complaint in this case clearly shows a cause of action to set aside the deed in question upon the ground that the conveyance was, at least, fraudulent as to some creditors, and that is sufficient to constitute a good complaint by the trustee in bankruptcy to set aside a conveyance fraudulent as to creditors.

2. The court found, in effect, that the amount due defendant *Mattie Burgor* at the time of the conveyance was $380; that claims filed and allowed against the estate of defendant *N. H. Burgor* in the United States district court before the commencement of this action exceeded the sum of $20,000; that the assets in the hands of the trustee will be insufficient to pay the debts of the said bankrupt by more than $12,000; that the only consideration for the transfer to defendant *Mattie Burgor* was an indebtedness of $400 deposited with said defendant *N. H. Burgor* in August, 1903; and that prior to the time defendant *N. H. Burgor* was adjudged a bankrupt he paid defendant *Mattie Burgor* on said indebtedness all except $380. The court made several other findings to the effect that the defendant *N. H. Burgor,* prior to the time he was adjudged a bankrupt, was doing a banking business at all times after the year 1891 until about August, 1903, and during said time made reports of his financial condition to the authorities of the state of Wisconsin, and regularly several times each year published in a newspaper in the state of Wisconsin his financial condition, stating the total amount of his assets and liabilities; that in such reports and publications he never mentioned or included in the total amount of his liabilities any debts to defendant *Mattie Burgor;* that defendant *Mattie Burgor* knew of such reports, and saw and read said publications of *N. H. Burgor's* financial condition, and knew that such publications did not include any debt or liability to her. The court further found that at the time of the conveyance to defendant *Mattie Burgor* it was agreed that defendant *N. H. Burgor* should retain possession and control of the premises and some interest therein contrary to the terms of the conveyance; that said conveyance should be by the defendants pretended to be a complete conveyance of all the rights of *N. H. Burgor* to defendant *Mattie Burgor* as against creditors and other persons, and was made pursuant to such agreement; that pursuant to such agreement, and until the

commencement of this action, defendant *N. H. Burgor* remained in exclusive control and possession of said premises; that defendants gave out and represented that the conveyance was an absolute conveyance of all *N. H. Burgor's* interest in said premises. Certain findings were proposed by appellants to the effect that the indebtedness from defendant *N. 'H. Burgor* to defendant *Mattie Burgor* at the time of the execution of the deed was much more than $400.

The court found as conclusions of law that the conveyance was void as against the plaintiff, except that the same was valid in favor of the defendant *Mattie Burgor* as an equitable mortgage to secure $380, the amount found due her with interest at six per cent. per annum from October 26, 1903. We need not consider upon this appeal whether the conveyance was void as to creditors, because of a trust created in favor of the grantor under sec. 2306, Stats. 1898. If we are called upon to determine this question, we might have some difficulty in sustaining the deed in view of the findings of fact below. But since the judgment is not complained of by respondent, if the findings as to the amount due from defendant *N. H. Burgor* to defendant *Mattie Burgor* are supported by the evidence, we are relieved from the necessity of considering the question. There can be no doubt, under the evidence and findings, that the deed, if valid at all, can only be effectual to the extent of securing the defendant *Mattie Burgor* for the amount of indebtedness due from *N. H. Burgor* at the time the conveyance was made. In fact, as we understand appellants' contention, it was conceded upon the trial that the deed was not intended as an absolute conveyance, but was given as security for the indebtedness from defendant *N. H. Burgor* to defendant *Mattie Burgor*. It therefore becomes necessary to consider only whether the findings of the court respecting the amount of the indebtedness are sustained by the evidence.

After a careful examination of the testimony we are unable to say that the findings upon this point are not supported

by the evidence. The defendant *Mattie Burgor* claimed on the trial several items of loan to the defendant *N. H. Burgor* as follows: $500 in February, 1883, $333 in December, 1900, $100 December 23, 1902, and $400 in August, 1903. The testimony respecting these alleged loans is exceedingly vague and indefinite. No entry appears to have been made of any of them, except the $333 item and the $100 item, and there is testimony to the effect that the $333 item was charged off the books or paid. It is admitted that she never received any note or other obligation for any of these sums not appearing on the books, and never asked for any. So that the only item remaining of which any record was preserved is the $400. She says there was no agreement made that her husband should ever pay it back at the time it was given to him. The evidence does not disclose that defendant *Mattie Burgor* ever demanded payment of any of these items, at least not until about the time the deed was made. There is also some evidence to the effect that some of this money claimed to have been loaned was expended by defendant *Mattie Burgor* for other purposes, but how much does not appear. It also appears from the evidence that neither of the defendants could state the exact amount of the indebtedness; that at the time the deed was made the defendant *N. H. Burgor* was insolvent, and that he continued to do business thereafter, rendering financial statements of his liabilities without including any liability to defendant *Mattie Burgor,* and that she knew, or ought to have known, of such statements.

There is some confusion in the testimony as to the $333— whether it was drawn out by her or not. She testified:

"I suppose he put the $333 in the bank. I don't know that I ever drew it out. I would have to think about that a little, but I don't think that I ever did. I would not be sure about it. I might have drawn a little out, but not very much of it."

However, it appears that it was all charged off the books. It also appears that *Mrs. Burgor* got back some money from her husband, but the evidence does not show the exact amount. The failure to include this money on the books as an indebtedness to *Mrs. Burgor* largely increased the assets of *Mr. Burgor* in his banking business, which he was running on a very small capital, and thereby enabled him to hold himself out to his creditors upon a false basis, and put him in position to obtain credit on a basis of assets which he did not possess, and get credit which doubtless he could not have gotten had the additional liability of the amount claimed by defendant *Mattie Burgor* appeared. We think, therefore, the fair inference from all the testimony is that whatever money *Mrs. Burgor* advanced to her husband aside from the $400 was clearly intended as a gift and not as a loan. It does not appear even that she asked for the deed as security, but that it was executed to her at the instance of her father. The fact, too, that the $333 was entered in the books and afterwards checked out or charged off would appear at least to raise the inference that if any other indebtedness existed aside from the $400 it would, in some way appear upon the books. All the testimony seems strongly to tend to the conclusion that at the time the money was advanced and until at or about the time defendant *N. H. Burgor* became bankrupt there was no thought on the part of *Mrs. Burgor* or her husband to treat the money advanced, if it were advanced, as a loan, and that it never would have been so treated had *Mr. Burgor* been successful in business, and that the idea of transferring the property emanated from *Mrs. Burgor's* father and not from her. Moreover, it appears that when the property was transferred nothing was said indicating that she should take it as security, and defendant *Burgor's* schedule in bankruptcy did not show that he had any interest in the property, and *Mrs. Burgor* made claim for the rent for the use and occupation of the premises.

Upon the whole evidence we are unable to say that there is such a clear preponderance of the testimony against the findings of the court below respecting the amount of indebtedness of defendant *N. H. Burgor* to defendant *Mattie Burgor* at the time of the execution of the deed as would justify this court in disturbing them. This being so, it necessarily follows that the appellants cannot complain of the judgment.

*By the Court.*—The judgment of the court below is affirmed.