FALBE and another, Respondents, vs. CAVES, imp., Appellant.

*October 9—October 29, 1912.*

*Execution: Sale: Redemption by mortgagee: Absolute deed as a mortgage: Tender: Evidences of right: Waiver of defects: Filing of papers: Costs: Discretion: Appeal: Questions considered.*

1. In an action to enforce a right to redeem lands from an execution sale, a defense that plaintiff had parted with his title, not sustained by any evidence, cannot be considered on appeal.
2. A deed absolute in form, but given to secure the payment of moneys due from the grantor to the grantee, with a contemporaneous contract to reconvey on payment of the debt, establishes the relation of mortgagor and mortgagee between the parties.
3. To entitle a mortgagee to redeem, under sec. 3007, Stats. (1898), from an execution sale, it is not essential that he should have been such mortgagee at the time the sale was made. [Whether one who takes a mortgage after the expiration of the year limited for redemption by the execution debtor can redeem under said section within fifteen months from the date of sale, not determined.]
4. Where, when one entitled seeks to redeem land from an execution sale, the purchaser makes no objection to the papers or proofs presented, but rejects the money tendered on the ground that the offer comes too late, he thereby waives any informality or defect in such proof.
5. When the money required to redeem from an execution sale is properly tendered by one who brings himself within the statute, the redemption is complete, and it is not defeated by his failure to file the evidences of his right in the office of the register

of deeds as prescribed by sec. 3015, Stats. (1898); that provision being for the protection of third persons.

6. It was not an abuse of discretion to award costs to a successful plaintiff in an equitable action to enforce a right of redemption from an execution sale, where no objection was made to the form of the action, and the defendant interposed an equitable counterclaim, and the case was tried before the court as an equity action, although the desired relief might have been otherwise obtained.

APPEAL from a judgment of the circuit court for Marquette county: A. H. REID, Judge. *Affirmed.*

The plaintiff *Blader* claims that on and after June 5, 1903, he was the owner of an undivided one-half interest in certain real estate; that his interest therein was sold by a judgment creditor on an execution sale on October 18, 1904; that before the expiration of one year from the date of said sale he conveyed his interest to his coplaintiff, *Falbe,* as security for a loan, and that thereafter the relation of mortgagor and mortgagee existed between the plaintiffs; that within the fifteen months in which *Falbe* might redeem the premises from the execution sale he tendered to the defendant *J. O. Caves,* who was the purchaser at such sale, the amount necessary to redeem, and at the same time offered to submit proofs showing that he was a mortgage creditor and entitled to redeem; that such tender was refused, and that thereupon *Falbe* deposited the amount thereof in a bank and notified the defendant *Caves* that the money was on deposit and subject to his order, but that *Caves* refused to receive the same. Among other relief the plaintiffs prayed that the sheriff of Marquette county be adjudged to issue a certificate of redemption to the plaintiff *Falbe* and that the defendant *Caves* be adjudged to release to such plaintiff, by the execution and delivery of a proper deed, an undivided one-half interest in and to the premises in suit, on payment of the amount which defendant was entitled to receive.

Among other things the answer denied that *Blader* owned

any interest in the premises when the conveyance was made to *Falbe;* denied that *Falbe* was in fact a mortgage creditor or that he became such within one year from the date of the sale on execution; denied that any legal tender was made to the defendant; and generally put in issue the material allegations of the complaint.

The court found all of the disputed issues in favor of the plaintiffs.    It was contended on the trial that *Falbe* did not make a good redemption because he failed to present to *Caves,* at the time of the tender, the proofs required by sec. 3015, Stats. (1898), to show that he was a mortgage creditor and entitled to make the redemption.    In reference to this contention the circuit court found that *Caves* made no objection to the effect that *Falbe* had not presented sufficient proof of his interest as a mortgage creditor or that he had failed in any way to comply with the requirements of the law in respect thereto, but that he objected to the right of said plaintiff to redeem solely on the ground that the time limited therefor had expired, making no other objection and raising no other question, and declining to look at or read the proofs furnished as to the relationship between the plaintiffs, thereby inducing *Falbe* to believe that no question was raised as to the sufficiency of the proof of such relationship.    The court further found that the defendant *Caves* waived any defects there might be in the proof offered to show that the plaintiff *Falbe* was a mortgage creditor, and estopped himself from claiming that the proofs which *Falbe* had with him to show that fact are or were faulty or defective.    From a judgment in plaintiffs' favor the defendant *Caves* appeals.

*D. W. McNamara,* for the appellant.

*Daniel H. Grady,* for the respondents.

BARNES, J.    This appeal involves the following questions: (1) On October 18, 1904, was the plaintiff *Blader* the owner of an undivided one-half interest in the property involved in

this suit, and thereafter until he conveyed to his coplaintiff, *Falbe,* subject to the lien of the certificate of sale on execution which had been issued to the defendant *Caves?* (2) Did the plaintiff *Falbe* become a mortgagee of the premises? (3) If so, did he become such mortgagee in time to entitle him to redeem the premises from the execution sale within fifteen months from the date thereof under the provisions of sec. 3007, Stats. (1898)? (4) Did *Falbe* in fact redeem said premises from said sale?

1. The appellant insists that the plaintiff *Blader* conveyed the premises in suit to his brother on March 4, 1903, for the purpose of defrauding his creditors; that such deed was declared to be in fraud of creditors in a suit brought by the Dowagiac Manufacturing Company to set the sale aside; that although said deed was set aside in form, it was good between the parties thereto and as to all persons except creditors, and that *Blader* had no right, title, or interest to convey when he executed the deed to his coplaintiff, *Falbe,* on October 18, 1905. Counsel's position is that the judgment declaring the conveyance to be fraudulent did not operate to transfer back to the plaintiff *Blader* any title which he had conveyed away, and a large portion of his brief is devoted to a discussion of this proposition and to the citation of authorities sustaining the arguments advanced. The question is not in the case. No proof was offered either showing or tending to show that *Blader* ever conveyed the land to his brother or that any action was brought to set such conveyance aside. The appellant in his answer alleged that such a deed was given, and set forth the pleadings in the action brought to set the same aside and the findings and judgment of the court. However, the judgment roll in the case was not offered on the trial, and neither was any other evidence offered that we are able to find which established the fact that a conveyance was made. Apparently the defendant lost nothing by failure to make this proof. The findings of the court set up in the answer expressly find that

the deed in question was never delivered.    If there was no de-
livery, it follows as a matter of course that *Blader* did not
part with his title.    So in the first place it is apparent that the
appellant failed to sustain by any proof the allegations of the
answer referred to, and, in the next place, that if proof had
been made by offering the judgment roll in the action referred
to, the appellant would be no better off than he was in the sit-
uation in which the case was left.

2.  The proof showed quite satisfactorily that on the 18th
of October, 1905, the plaintiff *Blader* conveyed to his co-
plaintiff, *Falbe,* the premises in question by warranty deed;
that such deed, though absolute in form, was a mortgage in
fact, and that it was given to secure the payment of money
theretofore advanced by *Falbe* to *Blader,* as well as money ad-
vanced at the time the deed was made, and that *Falbe* gave
*Blader* a land contract back, by the terms of which he agreed
to reconvey the lands to *Blader* on payment of the amount of
money which *Blader* owed him.    There is no doubt under the
authorities in this state that this transaction established the
relation of mortgagor and mortgagee between the plaintiffs,
and that *Blader* was a mortgagee within the meaning of
sec. 3007, Stats. (1898), and might redeem from the execu-
tion sale, provided he took his conveyance soon enough to en-
title him to redeem.    *Rogan v. Walker,* 1 Wis. 527; *Orton v.
Knab,* 3 Wis. 576; *Plato v. Roe,* 14 Wis. 453.

3.  Counsel for appellant contend that the rights extended
by sec. 3007 to judgment and mortgage creditors apply only
to persons who were such creditors at the time of the sale on
execution, and furthermore that in any event *Falbe* did not
become a creditor until the expiration of the period within
which *Blader* might redeem, and that the statute has no appli-
cation to such persons as become judgment or mortgage cred-
itors after the expiration of the one-year period.    Sec. 3007,
Stats. (1898), reads as follows:

"Any creditor of the person against whom such execution
issued having, in his own name, or as assignee, representative,

trustee or otherwise, a judgment rendered or a mortgage duly recorded, at any time before the expiration of fifteen months from the time of such sale and which shall be a lien and charge upon the premises sold, by paying the sum of money which was paid on the sale of such premises, together with interest thereon at the rate of ten per cent. a year from the time of such sale, shall thereby acquire all the rights of the original purchaser, subject to be defeated in the manner hereinafter mentioned."

We perceive no reason for limiting the application of this statute to such persons as were judgment or mortgage creditors at the time the execution sale was made. There is nothing contained in it which indicates that the legislature had any intention that it should be so limited. Any judgment or mortgage creditor of the person against whom the execution is issued has the right at any time before the expiration of fifteen months from the time of sale to pay to the purchaser at the sale the amount for which the land was sold, with interest, and he thereby acquires all the rights of the original purchaser. We cannot read into this statute any limitation which would bar judgment and mortgage creditors who became such after the sale was made. The cases hold that this should not be done. *Prescott v. Everts*, 4 Wis. 314; *Martin v. Judd*, 60 Ill. 78; *Densmore v. Tomer*, 14 Neb. 392, 7 N. W. 535; *Pierson v. Hickey*, 16 S. Dak. 46, 91 N. W. 339; *Mandeville v. Avery*, 124 N. Y. 376, 26 N. E. 951. Of course, when we speak of judgment and mortgage creditors, we refer to those creditors whose mortgages or judgments are in fact a lien upon the land sold on execution.

If *Falbe* did not become a mortgage creditor until after the expiration of the year in which the debtor, *Blader*, might redeem, a different question might arise. No such question is involved in the case, however, because the proof is quite satisfactory that *Falbe* became a mortgagee within the year, and the court so finds. What the respective rights of the parties might be had the year elapsed before *Falbe* became a mortgagee we need not determine and we do not determine.

4. We are satisfied that there was a valid redemption made in this case. In arriving at this conclusion we do not attach any significance to the fact that the necessary amount of money to redeem seems to have been paid to the sheriff at one time, because the money was refunded by the sheriff. The proof is undisputed that *Falbe,* within the time in which he was entitled to redeem, if he was in fact a mortgage creditor, secured the necessary amount of money to make a redemption of the lands from the execution sale, to wit, the sum of $1,068.75; that he made a legal tender of such amount to the defendant, and at the same time had with him a certified copy of his deed and of the land contract which he had given back to his coplaintiff, and an affidavit presumably made with the intention of complying with the requirements of sec. 3015, Stats. (1898), although the affidavit was not produced on the trial and neither were its contents disclosed; that the papers were exhibited to the defendant and that he refused to accept the money or to look at the papers, because, he said, the time within which the redemption might be made had expired; that immediately thereafter the plaintiff *Falbe* deposited said money in the bank at the village of Westfield and notified the defendant *Caves* of such deposit and that the money was subject to his order. This tender was kept good up to the time of the trial.

The only weakness about the plaintiffs' case with reference to the matter of tender arises out of the fact that there was no proof showing that the defendant was informed that *Falbe* claimed to be a mortgage creditor, and the proof is also silent as to whether or not the affidavit which *Falbe* had in his possession and which was drawn by a lawyer complied with the requirements of sec. 3015, Stats. (1898). But the plaintiff did not reject the tender because of any defect or of any insufficiency of the proofs which *Falbe* had in his possession. He took the ground that the offer came too late, and refused to either count the money or look at any of the papers which

*Falbe* had in his possession and which he offered to exhibit to the defendant. He testified: "I was denying the right to redeem to him simply on the ground that I thought the time had expired. I was not denying it because he had not proven to me that he was not the mortgagee of *Mr. Blader.*" By this conduct defendant waived the right to complain of any informality there might have been as to the papers which *Falbe* had with him, if it be conceded that such informality existed. *Sexton v. Rhames,* 13 Wis. 99, 101; *Badgley v. Ward,* 37 Cal. 121, 99 Am. Dec. 256, 259; *Bank of Vergennes v. Warren,* 7 Hill (N. Y.) 91, 93. If defendant had rejected the tender because the proofs were insufficient in any respect, there was ample time within which the plaintiff *Falbe* might supply the defects in his proofs and still renew his tender before the period of redemption expired.

It is also urged that there was no redemption in this case because the following requirement found in subd. 4 of sec. 3015, Stats. (1898), was not complied with:

"Within three days after making such redemption or purchase such creditor shall file such evidences of his right in the office of the register of deeds of the county where the original certificate of sale is filed."

We do not think that the failure to comply with this provision of the statute defeated redemption. There either was or was not a good redemption at the time the tender was made. If there was, it was not defeated by the failure of *Falbe* to make the required filing. This does not appear to be a provision of law intended for the benefit of the purchaser at the execution sale, but rather one that is made for the protection of third persons who might desire to acquire title to or secure an interest in the premises sold. *Chautauque Co. Bank v. Risley,* 4 Denio, 480, 484.

It is argued that the court erred in awarding costs against the defendant *Caves,* because it was wholly unnecessary to bring a suit in equity to obtain the desired relief. However

that may be, the equitable action was brought, no challenge was made, by either demurrer or answer, to the form of the action, the defendant interposed an equitable counterclaim and asked for equitable relief, the case was tried before the court as an equity action, and we are unable to see wherein the court abused its discretion or otherwise violated the law in awarding costs.

*By the Court.*—Judgment affirmed.