D. A. CROWLEY, Trustee, Appellant, v. VIOLETTE B. BROWER et al., Appellees.

**FRAUDULENT CONVEYANCES:** Persons Entitled to Assert Invalidity. An actual, nonfraudulent, but *voluntary* conveyance may not be impeached by a trustee in bankruptcy on behalf of *subsequent* creditors.

**FRAUDULENT CONVEYANCES:** Remedies of Creditors—Establishment of Lien. An actual, nonfraudulent, voluntary conveyance should not, in an action by a trustee in bankruptcy on behalf of creditors, be wholly set aside and the title vested in the trustee, but a lien on the land may be decreed in favor of antecedent creditors.

**FRAUDULENT CONVEYANCES:** Invalid Transfers—Withholding From Record—Effect. Principle reaffirmed that the mere withholding of a deed from record is not in itself evidence of a fraudulent intent, and that a creditor who has not been misled thereby to his damage cannot complain.

**BANKRUPTCY:** Transfers by Bankrupt—Right of Trustee. A trustee in bankruptcy who, in the interest of creditors, seeks to set aside a fraudulent conveyance by the bankrupt, is entitled to the same relief as the creditor would have been entitled to, had he (the creditor) prosecuted the action.

Headnote 1: 27 C. J. p. 555. Headnote 2: 7 C. J. p. 278 (Anno.) Headnote 3: 27 C. J. pp. 471, 491. Headnote 4: 7 C. J. p. 182.

*Appeal from Adair District Court.*—J. H. APPLEGATE, Judge.

FEBRUARY 9, 1926.

ACTION in equity, to subject property to execution. The court granted only partial relief, and both parties appeal.—

*Affirmed on plaintiff's appeal; modified and affirmed on defendants' appeal.*

*Wilson & Kellam,* for appellant.

*Musmaker & Musmaker,* for appellees.

STEVENS, J.—This is an action in the nature of a creditor's bill, to set aside a conveyance of certain real property upon the ground that such conveyance was in fraud of creditors, and to subject the same to the payment thereof.

The appellees Ella M. and H. W. Brower executed two promissory notes to J. F. Van Horn: one for $2,930.13, on March 3, 1922, and one for $1,265.63, on March 27, 1923. Prior to and on January 23, 1922, Ella M. Brower was the owner of several tracts of real estate in Adair County, which, on that date, her husband, H. W. Brower, joining, she conveyed to the appellee Violette B. Brower, her daughter, for an expressed consideration of $1.00 and love and affection. The deed was not, however, placed of record until April 3, 1924. On or about April 18, 1924, Ella M. Brower filed a petition in voluntary bankruptcy, and was duly adjudged a bankrupt. The plaintiff and appellant herein is the trustee in bankruptcy.

1. FRAUDULENT CONVEYANCES: persons entitled to assert invalidity.

It is alleged in the petition that unsecured claims aggregating about $5,000 were allowed by the bankruptcy court, and that no assets ever came into the hands of the trustee for the payment of these claims. The total aggregate indebtedness of the bankrupt, as shown by the schedule filed by her, was approximately $88,000, all of which, except the amount stated in the petition, was secured by mortgages given by her husband, in which she joined, upon real property. Appellant further alleged that the conveyance sought to be set aside was executed without consideration, and for the specific purpose of hindering, delaying, and defrauding the creditors of Ella M. Brower. The court below found that the conveyance was voluntary and without consideration, but that it was in good faith, and not for the purpose of defrauding creditors. Appellant also alleged that the deed was fraudulently withheld from the record, and for the purpose of deceiving and misleading the creditors of the gran-

tor. The court found that $1,026 of the consideration of the
$2,930.13 note represented an antecedent indebtedness and a
present indebtedness of $100 incurred March 3, 1922, and held
that as to those items the deed was void, and established a lien
on the real property therefor, and ordered special execution
against the same, if not paid within thirty days from the date
of the decree. The amount of the lien established by the court
was $1,369.22. Both parties have appealed. The plaintiff is
denominated appellant in the abstract and argument, and he
will be so treated in this court. The appeal of appellees is from
an alleged error in the computation of interest by the court,
and the establishment of the $100 item as a lien against the
property. We will first dispose of appellant's appeal.

I. The principal proposition urged by appellant is that
the conveyance was without consideration, and for the purpose
of hindering, delaying, and defrauding creditors, and that, in-
stead of establishing a lien upon the property
in his favor, the decree should have set the deed
aside absolutely, and vested title to the prop-
erty in him as trustee for all of the creditors
of Ella M. Brower. The evidence is practically without dis-
pute, and in our opinion fully sustains the finding of the court
that the conveyance was without consideration, but without
actual fraud. Practically the only evidence tending in any way
to prove actual fraud is that of Van Horn, the creditor, to
whom the notes above referred to were executed, to the effect
that Ella M. Brower represented to him that she still held the
title to the property, and the failure by Violette M. Brower to
have the deed recorded. No evidence whatever was offered
from which it may be inferred that the deed
was withheld from the record for a fraudulent
purpose; and it is the law of this state that the
mere withholding thereof is not in itself evi-
dence of a fraudulent intent, and a creditor who has not been
misled to his damage thereby cannot complain. *Brown v. Brad-
ford*, 103 Iowa 378; *First Nat. Bank v. Reid*, 122 Iowa 280.

The value of the property considerably exceeds $5,000, the
amount of unsecured indebtedness alleged in the petition. A
trustee in bankruptcy who seeks by an action in equity in the

2. FRAUDULENT
CONVEYANCES:
remedies of
creditors: estab-
lishment of lien.

3. FRAUDULENT
CONVEYANCES:
invalid trans-
fers: withhold-
ing from record:
effect.

4. BANKRUPTCY: transfers by bankrupt: right of trustee. nature of a creditor's bill to set aside a conveyance of real property, and to subject the same to the payment of claims allowed in a bankruptcy court against the grantor, which he may maintain under the Federal law without reducing his claim to judgment, is entitled to the same relief as the creditor would have been, if the action was prosecuted in his own name. *In re Williams* (D. C.), 123 Fed. 321; *Hull v. Burr*, 83 C. C. A. 61 (153 Fed. 945); *In re Downing* (D. C.), 192 Fed. 683; *In re Downing*, 119 C. C. A. 431 (201 Fed. 93); *Kentucky Bank & Tr. Co. v. Pritchett*, 44 Okla. 87 (143 Pac. 338); *Cartwright v. West*, 185 Ala. 41 (64 So. 293); *Seager v. Armstrong*, 95 Minn. 414 (104 N. W. 479).

The law is well settled in this state that:

"(1) A conveyance which is merely voluntary, and when the grantor had no fraudulent view or intent, cannot be impeached by a subsequent creditor. (2) A conveyance actually and intentionally fraudulent as to existing creditors, as a general rule, cannot be impeached by subsequent creditors. (3) If a conveyance is actually fraudulent as to existing creditors, and merely colorable, and the property is held in secret trust for the grantor, who is permitted to use it as his own, it will be set aside at the instance of subsequent creditors." *Brundage v. Cheneworth*, 101 Iowa 256; *Farmers & Merch. Bank v. Daiker*, 166 Iowa 728.

The court, as already stated, established a lien upon the property conveyed, for the full amount of the indebtedness which Ella M. Brower owed Van Horn at the time the deed was executed. As to this sum he was an existing creditor. Evidence was introduced tending to show that Ella M. Brower continued to manage and control the property and to receive the rents and income therefrom and to otherwise treat the same as her own. Basing his contention upon this and other testimony which appellant argues discloses a fraudulent intent upon the part of the grantor and the grantee, he contends that the property is held by Violette M. Brower as a secret trust for the use and benefit of her mother, and that, under the third rule stated above, the conveyance is fraudulent as to subsequent, as well as existing, creditors. The evidence does not support appel-

lant's theory. The mother and daughter worked together in a millinery store, and did not at once make public the facts concerning the deed; but, at the time it was executed, Ella M. Brower was ill, and, fearing that she might not recover, conveyed the property to her daughter. We cannot find from the evidence that it was the intention of the parties to cover up the property for the purpose of hindering, delaying, or defrauding creditors. Nothing in the nature of a secret trust is proved. The transfer was not merely colorable, but for the purpose of vesting title in the grantee. This being true, the conveyance cannot be set aside at the instance of a subsequent creditor, unless he was deceived or misled to his damage by the failure of the grantee to place the deed of record, or unless the conveyance was for the express purpose of defrauding subsequent creditors. The court below held that Van Horn had no actual knowledge of the conveyance at the time the indebtedness for $100 was contracted, and that as to this item, although he was a subsequent creditor, the transfer was to this extent void as to him, and that a lien therefor should be established in favor of appellant as trustee. There is no allegation in the petition, nor proof, that the transfer was fraudulent as to any of the remaining creditors. They were all secured by mortgages upon real property, and there is nothing to show whether they are existing or subsequent creditors, or that the mortgaged property is not ample to pay their claims.

Much reliance is placed by appellant upon *Treseder v. Burgor*, 130 Wis. 201 (109 N. W. 957), a decision by the Supreme Court of Wisconsin. The plaintiff in that case, who was a trustee in bankruptcy, sought to set aside a deed upon the ground that it was executed in fraud of creditors. It appeared from the petition that as to some of the creditors the conveyance could not be sustained, but as to others it was good. Counsel for the defendant contended that the trustee could not maintain the action in favor of creditors who were not entitled to have the conveyance avoided. The court held that whether subsequent creditors could or could not participate in the assets recovered by the trustee was immaterial, in so far as the right of the trustee to maintain the action was concerned. Furthermore, it was conceded upon the trial that the deed was intended

as security only for an existing indebtedness, and the grantee did not claim title to the property. The court, therefore, as is stated in the decision, had nothing before it except a question as to the amount of the indebtedness secured by the deed. Although some of the language of the court in a measure supports appellant's theory, the points decided have no bearing upon the questions involved upon this appeal. The value of the property here involved exceeded $5,000, and the relief granted appellant is full and adequate. There was no occasion for setting aside the conveyance and vesting title in the appellant, nor did the court assume to distribute among the creditors the proceeds which may be realized from a sale of the property on special execution. This must be done in the bankruptcy proceedings. All the court did was to establish the claims allowed in bankruptcy as a lien upon the property in favor of the trustee to the same extent as it would have if bankruptcy proceedings had not been instituted and the action was pending in the name of the creditor. The burden rested upon appellant to allege and prove such facts as would avoid the conveyance as to creditors, or subject the property to the payment of some or all of the claims allowed in the bankruptcy court. The transfer was void only to the extent found by the court in favor of the trustee, and it was the duty of the court to establish the same as a lien against the property, and not to set aside the conveyance absolutely so as to vest title in the trustee. *Mallow v. Walker,* 115 Iowa 238; *Teabout v. Jaffray & Co.,* 74 Iowa 28. On this point see *In re Downing,* supra.

II. We have already disposed of appellees' appeal, so far as the $100 item allowed and established as a lien on the property is concerned. The court evidently committed error in computing the amount due, and the judgment should be modified as of the date thereof, by crediting the same with $90.08, thereby reducing it to $1,279.14. The cause will be remanded to the district court for decree in harmony with this opinion.— *Affirmed on plaintiff's appeal; modified and affirmed on defendants' appeal.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.