438

WIEDNER, Plaintiff and Respondent, vs. SMITH and another, Defendants, PARSONS, Interpleaded Defendant and Appellant.

*December 7, 1931—January 12, 1932.*

For the appellant there was a brief by *Hill, Beckwith & Harrington* of Madison, and oral argument by *John T. Harrington*.

For the respondent there was a brief by *Schubring, Ryan, Clarke & Petersen,* attorneys, and *Ralph E. Axley* of counsel, all of Madison, and oral argument by *Mr. Axley*.

WICKHEM, J. The plaintiff recovered judgment against Jessie M. Smith on July 16, 1927. On April 6, 1925, Jessie M. Smith was the owner of record of certain land in Forest county, and on that date she conveyed the land to her husband, Harry G. Smith. Plaintiff then commenced an action in the circuit court for Dane county to set aside this conveyance as fraudulent, and was successful in the action. On September 4, 1929, an execution was issued out of the circuit court for Dane county commanding the sheriff of Forest county to satisfy the original judgment against Jessie M. Smith, and the sheriff levied on the Forest county land. A sale of the land was had on November 8, 1929. Thereafter, on July 9, 1930, Jessie M. Smith and her husband H. G. Smith borrowed $1,858.50 from the defendant, and gave defendant their promissory note therefor. On July 16, 1930, Jessie M. and H. G. Smith, as security for the loan, executed and acknowledged a quitclaim deed conveying the Forest county land to the defendant. On February 2, 1931, and within fifteen months from the date of the sale, defendant proceeded to make redemption of the Forest county lands, claiming to qualify as a redeeming creditor by reason of the quitclaim deed. The lower court held that defendant was not qualified under the statute to redeem the land.

This case presents a very narrow question of statutory construction. Ch. 272, Stats., after providing for the sub-

jection of lands of a judgment debtor to the satisfaction of the judgment by execution, sets forth a scheme or system of redemption. Secs. 272.39 to 272.42 provide for redemption of lands sold within one year by the execution debtor, or- if dead, by his devisee of the premises sold, or by his heirs, or by any grantee of the execution debtor who shall have acquired an absolute title by deed, sale under mortgage or under an execution to the premises or any portion which shall have been separately sold. Sec. 272.44 provides that in case the persons entitled to redeem within the year shall omit to redeem, the premises may be redeemed within three months after the expiration of the year by the persons described in sec. 272.45. Sec. 272.45 then provides:

"Any creditor of the person against whom such execution issued having, in his own name, or as assignee, representative, trustee or otherwise a judgment rendered or a mortgage duly recorded, at any time before the expiration of fifteen months from the time of such sale and which shall be a lien and charge upon the premises sold, by paying the sum of money which was paid on the sale of such premises, together with interest thereon at the rate of six per cent. a year from the time of such sale, shall thereby acquire all the rights of the original purchaser, subject to be defeated in the manner hereinafter mentioned."

It was held in *Falbe v. Caves,* 151 Wis. 54, 138 N. W. 87, (1) that under sec. 272.45 a quitclaim deed, intended as a mortgage, qualifies a creditor holding such a deed to redeem, and (2) that such a deed, given after the execution sale but before the expiration of the period given for the judgment debtor to redeem, is sufficient to enable a creditor holding such a deed to redeem under the provisions of sec. 272.45.

The first question presented is whether Jessie M. Smith, at the time of the execution of the quitclaim deed, had 'a mortgageable interest in the premises. It is our conclusion that she had no such interest at that time. By virtue of the fraudulent conveyance to her husband in 1925, she had com-

pletely divested her title to the land except as against her creditors. *Jandl v. Guziekiewicz,* 195 Wis. 258, 218 N. W. 593; *Davy v. Kelley,* 66 Wis. 452, 29 N. W. 232.

Sec. 272.40 provides in part that the right of redemption shall be in the judgment debtor, or in any grantee of the judgment debtor who shall have acquired an absolute title by deed. We think it was the legislative intent, in all cases where the judgment debtor had parted absolutely with his title, to vest the right to redeem under sec. 272.40 solely in the grantee. It follows that the only interest which Jessie M. Smith had at the time of her participation in the execution of the quitclaim deed was her inchoate right of dower, and this, standing alone, is not a mortgageable interest. *Howe v. McGivern,* 25 Wis. 525; *Brothers v. Bank of Kaukauna,* 84 Wis. 381, 54 N. W. 786.

The next question is whether sec. 272.45 requires as a condition to the right of redemption that the creditor who claims such right shall have not merely a mortgage from some source, which shall be a lien upon the premises sold, but a mortgage given by the judgment debtor and pledging a mortgageable interest of the debtor in such land as security for his debt to the creditor.

It is contended by the respondent that the section should be so construed. In support of this contention it is pointed out that the statutes of this state dealing with the subject of redemption from execution sales were taken from and are substantially identical with the early New York statutes dealing with the same subject. Sec. 51 of the New York Statutes, which was in force for some time prior to 1836, and which continued to be the law of New York until 1847, was identical with sec. 272.45 except that it did not make any provision for a creditor holding a mortgage. The statute provided, "Any creditor *of the person against whom such execution issued* having in his own name, or as assignee, representative, trustee or otherwise a judgment ren-

dered at any time before the expiration of fifteen months," etc. By sec. 525 of the Laws of New York of 1836, the right of redemption given to a judgment creditor was extended to creditors holding mortgages. The statute in this form was construed in accordance with the contention of the respondent. *Ex parte Wood,* 4 Hill (N. Y.) 542; *Hodge v. Gallup,* 3 Denio, 527. In the case first cited the court held that in order for the creditor to redeem, his judgment must not only be a lien upon the land but that it must be against the execution debtor. In the second case, where the redemptioner had a mortgage from the grantee of the execution debtor, it was held that the mortgage was not against the person against whom the execution issued, and consequently not a lien upon the land as against him. In vol. 17 of New York Common Law Reports, in which Denio's Reports are reprinted, there is the following note to this case:

"(a) In consequence of this decision, an act was passed allowing redemption within fifteen months from the sale by virtue of judgments, decrees and mortgages which are liens, without requiring them to be against the defendant in the execution on which the land was sold. Stats. 1847, p. 508, secs. 1, 2." 17 N. Y. Common Law Reports, 446.

The New York statute as amended differs from sec. 272.45 only in its opening sentence. It confers the right to redeem upon "any creditor," while sec. 272.45 retains the form of the earlier statute and limits the privilege to "any creditor *of the person against whom such execution issued.*" The difference as to the persons to whom the right of redemption is given is significant. It indicates that the legislature did not favor or adopt the policy of the later New York statute, but that it did enact the rule of the earlier statute together with the construction which it had theretofore been given by the New York court. This construction is the only one which the words of the act will reasonably bear. If the

benefits of the act are to be limited to creditors of the judgment debtor, it follows inevitably that the security referred to must be one which has proceeded from the judgment debtor as an incident to the debt.

*By the Court.*—Order affirmed.