BEAT, Trustee in bankruptcy, and another, Respondents, vs. MICKELSON, Appellant.

*March 6—March 31, 1936.*

For the appellant there was a brief by *Bull, Biart & Bieberstein,* attorneys, and *J. S. Timmons* of counsel, all of Madison, and oral argument by *Mr. A. J. Bieberstein* and *Mr. Timmons.*

For the respondents there was a brief by *Austin H. Forkner,* attorney, and *John E. Ferris, Jr.,* of counsel, and oral argument by *Mr. Forkner* and *Miss Verne Marie Kopplin,* all of Madison.

FOWLER, J.   Olaus Mickelson filed a petition in bankruptcy.   He had previously conveyed a dwelling house and adjacent premises to his wife, Jeanette.   The trustee in bankruptcy and the State Bank of Mount Horeb brought an action to set aside the conveyance as in fraud of the bank and other creditors of Olaus.   The trial court found that the conveyance was so made and awarded judgment to the plaintiffs. There is no bill of exceptions, so that the only question is whether the findings support the judgment.

The court found, among other things, that the husband was insolvent at the time of the conveyance attacked and that the conveyance was made with intent on the part of the husband to hinder, delay, and defraud the State Bank of Mount Horeb and the other creditors of the bankrupt, and also found that

the wife well knew of this fraudulent intent on his part and acted in collusion with him to effectuate such intent.

The appellant claims that it does not appear from the complaint that the premises involved were not the homestead of Olaus, and that without such statement the complaint does not state a cause of action. This is immaterial, if the court found that the premises were not the homestead. One of the findings is that the husband in the bankruptcy proceedings "listed no real estate except a homestead valued at $4,500." This implies that the husband claimed other premises than those involved as his homestead. In the face of this, this court cannot assume that the premises in suit were his homestead. The trial court's finding plainly implies that the court determined that the premises involved were not the homestead.

The court found that the consideration claimed to have been paid by the wife for the premises was "entirely inadequate." What the claimed consideration is does not appear from the findings, but it is claimed that this implies that a consideration was paid, and that this being true, the wife should have been protected by the judgment to the extent of this consideration, whatever it was. But the finding of the wife's knowledge of the husband's intent and her acting in collusion with him deprives her of this relief.

Sec. 242.07, Stats., provides that every conveyance made with actual as distinguished from intent presumed in law to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors. Actual intent to defraud is here found. So the conveyance is fraudulent as to future as well as existing creditors.

Appellant relies on sec. 242.09 (2), Stats., in support of her claim that she was entitled to hold the property as security for the consideration paid, even though it was less than a fair consideration. But this statute by its terms applies

only when the grantee has paid the consideration "without actual fraudulent intent." The fraudulent intent of the wife being found, the statute does not apply.

Appellant also claims that the judgment of the court deprives the wife of her dower interest in the premises. The judgment merely sets aside the conveyance. This leaves the title in the husband. There was no adjudication by the circuit court that the wife's dower interest in the premises was or was not determined or affected by the judgment. The judgment adjudges that "all right, title, and interest in the real estate" passed to the trustee, but we construe this as not intending or operating to pass to the trustee any interest of the wife in the premises except such as she claimed under the deed. The wife was left free to assert her claim to dower in the bankruptcy proceedings or any proper proceedings to that end. She asserted no such claim in the trial court. *Treseder v. Burgor,* 130 Wis. 201, 109 N. W. 957, and *Share v. Trickle,* 183 Wis. 1, 197 N. W. 329, are cited in support of the wife's contentions that she should have been allowed the amount of the consideration paid, plus the value of her dower interest. In the former the wife was not found, as here, to have participated in the fraudulent intent. Sec. 242.09 (2), Stats., was not considered and no bankruptcy proceedings were pending. The contention in the latter case was that the conveyance was intended only as a mortgage to secure a wife's previous loans to her husband. The factual situations involved render those cases inapplicable here.

*By the Court.*—The judgment of the circuit court is affirmed.