CAMPBELL, Administrator, Respondent, vs. DROZDOWICZ and another, Appellants.

*May 19—June 16, 1943.*

For the appellants the cause was submitted on the brief of *L. E. Vaudreuil* of Kenosha.

For the respondent there was a brief by *Thorson, Seymour & Korf* of Elkhorn, and oral argument by *Arthur T. Thorson*.

FRITZ, J.   There is no bill of exceptions and no question is raised in relation to the court's findings of fact.   So far as material on this appeal, they are to the following effect.   In November, 1937, Toney Amborn sued Frank Drozdowicz to recover damages caused by his negligence.   He and his wife, Victoria Drozdowicz, then owned land conveyed to them as joint tenants.   In September, 1938, he conveyed his interest to his wife; and in October, 1939, she conveyed all of her title to their daughter, Marie Jacobsen.   Amborn recovered judgment in his action against Frank Drozdowicz, on February 5, 1940, and the latter died on February 13, 1940.   He was insolvent when he conveyed his interest in the land to his wife, and his conveyance to her and her conveyance to their daughter were made without consideration and with the intent to defraud his creditors.   Upon the facts found, the court adjudged that both conveyances are void as against the plaintiff, and that the conveyances be set aside to the extent necessary to satisfy Amborn's claim.

On this appeal defendants contend that the rule that a conveyance by a joint tenant of this interest results in the severance of the joint tenancy (*Musa v. Segelke & Kohlhaus Co.* 224 Wis. 432, 437, 272 N. W. 657; *Goff v. Yauman,* 237 Wis. 643, 298 N. W. 179; *Bassler v. Rewodlinski,* 130 Wis. 26, 109 N. W. 1032) is not applicable in this case, and no such severance can be held to occur when a joint tenant conveys his interest to the other joint tenant.   Defendants claim that by Drozdowicz's conveyance to his wife he in effect conveyed only his right of survivorship to his cotenant and added nothing to the title she already had because she already owned all of the property subject to be defeated by her death; that, although

upon the conveyance by a joint tenant of his interest to a third person there is a severance and the relationship between such person and the other joint tenant will be that of tenants in common, no tenancy in common is created upon the conveyance of a joint tenant's interest to the other joint tenant because no individual can own property as a tenant in common with himself; and that, consequently, upon the joint tenant's death, after such conveyance, the surviving joint tenant obtains title to the property free and clear of the claim of any creditor against any interest of the deceased joint tenant.

Those contentions cannot be sustained. By Frank Drozdowicz's voluntary conveyance to his wife of his interest in the land which they owned in joint tenancy, there was destroyed the unity of title, which is one of the four unities essential in a joint tenancy (2 Bl. Comm. 180; Tiffany, Real Property, sec. 418) ; and by such destruction of that unity of title the joint tenancy was severed and terminated. As this court said in *Bassler v. Rewodlinski, supra* (p. 28),—

"Anything which destroys the unity of title or interest without affecting the unity of possession *will turn the interest severed* from the others *into a tenancy in common* as regards the remaining joint tenants. 2 Bl. Comm. 192; 1 Washb. Real Prop. (6th ed.) sec. 864. The most familiar method of so severing the interest of one joint tenant from the interests of others is by alienation."

Whether such severance is effected by the joint tenant's voluntary conveyance to a third party, who thereby becomes a tenant in common with the other cotenants, or by such a conveyance to a joint tenant, who becomes the sole owner (if the conveyance is not invalid as to others than the parties thereto), there is severed and destroyed by the conveyance the unity of title and, consequently, the joint tenancy for all purposes, including the right of survivorship, by which the surviving joint tenant would, but for such destruction, have

obtained upon the death of the joint tenant the latter's interest in the property free and clear of the claims of his creditors.

It is, however, also contended by defendants that if,—as the trial court held,—Frank Drozdowicz's conveyance was fraudulent and void as to his creditors and that therefore as to them no title passed thereby to his wife, then such conveyance was not effective to sever the joint tenancy; and therefore, upon his death, his interest in the land passed to his wife as the surviving cotenant, free from the claim of the judgment creditor. Defendants base that conclusion in part upon a mere *obiter dictum* statement in *Beat v. Mickelson*, 221 Wis. 176, 179, 266 N. W. 244, in relation to a judgment setting aside a husband's fraudulent conveyance to his wife, that "This leaves the title in the husband." And defendants also rely on the statement in *Ferguson v. Hillman*, 55 Wis. 181, 191, 12 N. W. 389,—"The original conveyance being void as to creditors, no title as to them ever passed to the grantee." Neither of those statements warrant the conclusion that when a conveyance made to defraud creditors is void as to them, it is also void and inoperative as to the parties thereto. On the contrary, as this court has said, "It is settled by the decisions of this court that, even though such conveyance be void as to creditors, it is valid and binding between the immediate parties" (*Jandl v. Guziekiewicz*, 195 Wis. 258, 261, 218° N. W. 593) ; and "While it is true that a conveyance made by a debtor as part of a scheme to delay or defraud his creditors is void as to creditors, it is valid at least in the sense that it is operative between the parties and as to all persons other than creditors" (*Harvey v. Harvey*, 202 Wis. 553, 556, 231 N. W. 580). See also *Wiedner v. Parsons*, 206 Wis. 438, 440, 240 N. W. 367; *Marshall v. Marshall*, 230 Wis. 504, 284 N. W. 541; *Angers v. Sabatinelli*, 235 Wis. 422, 293 N. W. 173. Those decisions are in accord with the provision in sec. 242.09 (1) (a), Stats., that—

"Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, . . . (a) Have the conveyance set aside or obligation *annulled to the extent necessary to satisfy his claim. . . .*"

Manifestly, under this provision the fraudulent conveyance is not to be set aside to all intents and purposes. Instead, there is to be established in effect a lien against the property for the benefit of creditors, which will be prior and superior to the rights of the grantee; and the fraudulent conveyance to the latter is void only so far as to permit such lien of the creditors to be established as prior and superior to the rights of such grantee. As the court said in *Hoskins v. Johnston,* 205 Iowa, 1333, 1339, 219 N. W. 541,—

"An action in equity, in the nature of a creditor's bill is not, in a strict legal sense, the 'setting aside of a conveyance.' This is not what, in fact, takes place. . The conveyance is not set aside, in the literal sense, but the lien of the plaintiff is established against the real estate as prior and superior to the rights of the grantee, and a deed to the real estate is voided only so far as to permit the lien of the creditor to be established as prior and superior to the rights of the grantee. In other words, it is a *pro tanto* or *quasi* setting aside of the deed, so as to permit the rights of creditors to intervene." See also *Service Mortgage Corp. v. Welson,* 293 Mass. 410, 200 N. E. 278; *Cicero Trust & Savings Bank v. Schermann,* 252 Ill. App. 441, 91 A. L. R. 138.

It follows that because Drozdowicz's conveyance to his wife is valid and binding as between them, as the parties thereto, and because by virtue of that conveyance there was a severance and destruction of the joint tenancy with its right of survivorship between them, neither the joint tenancy nor the right of survivorship can be considered re-established or restored by virtue of the subsequent adjudication that the conveyance was fraudulent and void as to creditors so as to entitle them to have it set aside to the extent necessary to

satisfy their claims.   In point in this respect is the conclusion stated in *Szymczak v. Szymczak,* 306 Ill. 541, 138 N. E. 218, to the effect that if a deed by a joint tenant which would operate to sever the tenancy was valid, a reconveyance by the grantees to such joint tenant would not have the effect of re-establishing the joint tenancy.   As the incident of survivorship is destroyed for all purposes upon severance of a joint tenancy by reason of the conveyance of a joint tenant's interest, neither the joint tenancy nor the right of survivorship can be considered re-established by a reconveyance to the grantor, which cannot restore the unity of title that is an essential to a joint tenancy.

Neither can there be sustained defendants' contention that where a conveyance of a joint tenant's interest in real estate is fraudulent as to a creditor, he must disregard the conveyance and levy execution upon the conveyed property prior to the death of the joint tenant in order to effectually subject his interest to the payment of the judgment.   As the joint tenancy was destroyed and severed upon Drozdowicz's conveyance of his interest to his wife, it was not necessary to also effect a severance by levying an execution on such interest prior to his death.   Under the provisions in sec. 242.09 (1), which read,—

"such creditor . . . when his claim has matured, may, as against any person except a purchaser for a fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser, (a) have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or (b) disregard the conveyance and attach or levy execution upon the property conveyed,"—

it was optional with the judgment creditor, Amborn, either to have the fraudulent conveyances annulled to the extent necessary to satisfy Amborn's claim, or if he chose to disregard the conveyance, to attach or levy execution upon Frank Droz-

dowicz's interest in the property conveyed. Under sec. 242.09, Stats., which is part of the Uniform Fraudulent Conveyance Act, a creditor may maintain an action to set aside a debtor's conveyance of interest in real property as fraudulent even though he has not had execution levied and returned unsatisfied. *Morse v. Roach,* 229 Mich. 538, 201 N. W. 471; *American Bulb Co. v. Spiwak,* 275 N. Y. 477, 11 N. E. (2) 305; *Harder v. Harder,* 113 N. J. Eq. 540, 168 Atl. 61; *Swift & Co. v. First Nat. Bank of Hightstown,* 114 N. J. Eq. 417, 168 Atl. 827; *Epstein v. Bendersky,* 130 N. J. Eq. 180, 21 Atl. (2) 815; Uniform Laws Annotated, vol. 9, p. 376, sec. 9 (7).

Furthermore, as in the case at bar the amount to which Amborn was entitled on his tort claim was not determined until judgment was entered eight days prior to the death of Drozdowicz, it was practically impossible and would be unreasonable to require an attachment or levy of execution within that brief period in order to preserve Amborn's right to recover. Moreover, in view of sec. 272.14, Stats., no execution could have been levied against any property upon which the judgment was a lien until the expiration of one year from the death of the judgment debtor. Consequently, if the defendants' contention were sound, a judgment creditor, who hardly had time to levy an execution between the recovery of judgment and the death of the debtor, would have to wait a year to levy an execution before he could commence proceedings to have a conveyance set aside as fraudulent. Such unreasonable restraint and delay would be apt to seriously impede and even defeat obtaining the relief.

*By the Court.*—Judgment affirmed.