## Myers vs. Ford and others.

HOMESTEAD EXEMPTION : *Rights of single men—Excess in quantity of land ; when objection to be taken.*

1. The benefits of the homestead exemption are not restricted to married men.
2. Plaintiff was a widower, his children being all married and away from home, and had rented the premises claimed as his homestead, but boarded and lodged in the house. *Held,* that the premises were exempt.
3. The sale on execution of premises claimed as homestead, cannot be sustained by showing that they exceed the quantity allowed by law ; but the execution creditor, if dissatisfied with the amount claimed, must cause a survey to be made, as provided by the statute, and sell the excess.

APPEAL from the Circuit Court for *Dane* County.

A lot in the city of Madison belonging to *Myers* was levied upon June 3d, 1865, and sold to *Ford* on the 22d of the same month, to satisfy a judgment against *Myers*, the latter having notified the sheriff before the sale that he claimed the premises as his homestead.   This action was brought to set aside the levy, sale and certificate, and restrain the execution of a deed by the sheriff, etc.—It appeared that the plaintiff, at the time of the levy and sale, and for many years previous, was a resident of the state, and had owned the premises in question since 1855 ; that they were generally rented by him for a bakery, tavern or boarding house ; that in 1859, his wife being dead and his children no longer living with him, he took a room in the house, and from that time until the sale

(except for a portion of the year 1861) resided and took his meals there with successive tenants. It was also shown by defendants that the lot exceeded a quarter of an acre, by a strip five links in width and eight rods in depth.—The court held the plaintiff entitled to a homestead in the premises, and rendered judgment as demanded in the complaint; from which the defendants appealed.

*J. C. Ford*, for appellants, contended that a homestead under the exemption law, is the land on which is situated the dwelling of the owner *and his family*. *Bunker v. Locke*, 15 Wis., 635; *Platto v. Cady*, 12 id., 465; *Phelps v. Rooney*, 9 id., 80; *Franklin v. Coffee*, 18 Tex., 413. Sec. 25, chap. 134, R. S., provides that whenever a levy is made upon the lands and tenements of a *householder*, whose homestead has not been selected, etc., such *householder* may notify the officer, etc. But a householder is the head of a family—one who has the charge of or provides for a family. *Bowne v. Witt*, 19 Wend., 475; *Woodward v. Murray*, 18 Johns., 402. 2. *Myers* was never an *occupant* of the premises, within the meaning of the statute. *In re Phelan*, 16 Wis., 76; *Casselman v. Packard*, id., 114; *Herrick v. Graves*, id., 157; *Charless v. Lamberson*, 1 Clarke (Iowa), 435; *Rhodes v. McCormick*, 4 Iowa, 368. 3. The premises claimed exceed the amount exempted by law. The sale was not voidable as to such excess, at the suit of *Myers*. If a portion of the premises were exempt, the sale should have been set aside only as to that portion. A survey might have been ordered to ascertain and set off the homestead. *Bennett v. Child*, 19 Wis., 362.

*J. C. McKenney*, for respondent.

COLE, J. We think the plaintiff was entitled to the homestead exemption. The statute secures it to "the owner," where the prescribed quantity is "owned and occupied by

any resident of the state." Sec. 23, chap. 134, R. S. It does not restrict the privileges of the homestead exemption to the case where the " owner " is a " married man." The statute speaks of the " owner," " resident," " householder," as descriptive of the persons who are entitled to the benefit of the exemption. A man may be an " owner," ": resident," and " householder," without being married. A single man may own property, reside upon it, and have a family occupying the house with him.—The next section shows most clearly that the legislature did not intend to confine the privileges of the homestead exemption to married men. For it declares that a mortgage or other alienation of the homestead by the owner thereof, *if a married man*, shall not be valid without the signature of the wife. This clearly and obviously recognizes the case where the owner of a homestead is not a married man. In that case the disability does not apply.

. In this case the plaintiff was a widower; his children were all married, and away from home. But he was actually occupying the premises in dispute. It appears that he had rented them, but boarded with his tenant, and had his bed in the house, and slept there.

It is said that the evidence shows that the premises claimed as exempt exceed by some five links front, extending the depth of the lot, the amount allowed by law. The officer was notified before the sale, that the plaintiff claimed the premises as his homestead. No survey was made, but the officer proceeded and sold the entire lot and appurtenances. If the plaintiff in the execution was dissatisfied with the quantity of land claimed as a homestead, he should have caused a survey to be made, and sold the excess. But it was not the quantity claimed by the execution debtor which was contested, but his right to have the benefit of the homestead under the circumstances.

On the whole record we think the judgment must be affirmed.

*By the Court.*—Judgment affirmed.