Herron vs. The Knapp, Stout & Co. Company.

HERRON, Appellant, vs. THE KNAPP, STOUT & CO. COMPANY, Respondent.

*October 13 — November 8, 1888.*

*(1) Homestead: Mortgage without signature of wife. (2) Equity: Cloud upon title: Parties: Possession.*

1. Under sec. 24, ch. 134, Tay. Stats., a mortgage by a married man of his homestead without the signature of his wife is not valid even after the homestead right of the wife has expired. Nor is such mortgage rendered valid by the fact that when it was executed the wife was living apart from her husband, or by the fact that the husband was old, infirm and poor, and the mortgage was given by him for food and the necessaries of life.

2. Under sec. 3192, R. S., one tenant in common of land may maintain an action, as to his share or interest, to remove a cloud upon the title; and it is not necessary that he should be in the actual possession of the land when the action is commenced.

APPEAL from the Circuit Court for *Dunn* County.

Action to have a mortgage, and a certificate of sale issued on the foreclosure thereof by advertisement, adjudged to be no lien, claim, or incumbrance on the premises, and to have the plaintiff's claim to an undivided half of the premises

established as against the claim of the defendant under such mortgage and certificate of sale. The facts will sufficiently appear from the opinion. The plaintiff appeals from a judgment dismissing the action.

*John Kelley, Jr.,* for the appellant, to the point that a mortgage of the homestead by a married man requires the signature of his wife to make it valid, even though at the time she is living separate and apart from him, cited *Doyle v. Coburn,* 6 Allen, 71; *Sherrid v. Southwick,* 43 Mich. 515; *Lies v. De Diabler,* 12 Cal. 327; *Ott v. Sprague,* 27 Kan. 620; *Chambers v. Cox,* 23 id. 393; *Meader v. Place,* 43 N. H. 307; *Welch v. Rice,* 31 Tex. 688; *Barker v. Dayton,* 28 Wis. 367.

For the respondent there was a brief by *Hunt & Freeman,* and oral argument by *C. E. Freeman.* They contended: (1) The wife of the mortgagor had abandoned her homestead rights prior to the time of the execution of the mortgage, and never re-acquired or repossessed herself of the homestead rights and privileges given her by law. The statute in force in 1872 (sec. 24, ch. 134, R. S. 1858) gave the wife no estate in the land, but imposed a disability upon the husband and conferred a privilege upon the wife. *Ferguson v. Mason,* 60 Wis. 377; *Riehl v. Bingenheimer,* 28 id. 84. This privilege the wife could, and in this case did, waive or forfeit. *Barker v. Dayton,* 28 Wis. 367; *Keyes v. Scanlan,* 63 id. 345; *Sherrid v. Southwick,* 43 Mich. 515; *Bradley v. Deroche,* 7 S. W. Rep. (Tex.), 779; *Duke v. Reed,* 64 Tex. 705. (2) The premises in question ceased to be a homestead prior to the foreclosure of the mortgage and the commencement of this action, and the mortgage is valid as to the estate remaining after the expiration of the homestead interest or estate, and consequently valid as against the plaintiff who claims only this remaining or remainder estate. (3) The plaintiff's cotenant was a necessary party. (4) The plaintiff's demand is inequitable. He was morally, if not legally, bound to support the mortgagor, his father.

If now he is legally entitled to the land discharged of the mortgage, he is morally bound to pay to the mortgagees the sums they paid out for his father, and the relief he asks ought not to be given unless he pays such sums. See 1 Pom. Eq. Jur. sec. 385, note 1, and sec. 386, note 1; *Hart v. Smith*, 44 Wis. 213. (5) The evidence fails to show a cause of action under sec. 3186, R. S., as the plaintiff has not the actual possession of the land. *Wals v. Grosvenor*, 31 Wis. 681; *Shaffer v. Whelpley*, 37 id. 334. Plaintiff's remedy, if any, is at law.

COLE, C. J. The father of the plaintiff executed the mortgage in question upon his homestead in 1872. At that time the mortgagor was a married man, and the mortgage was not signed by the wife. The simple question is, Was the mortgage valid? The court below held that it was, and dismissed the action. A bare reference to the statute would seem to be all that was necessary to show that the decision of the learned circuit court was erroneous. After exempting the homestead from sale upon execution, the statute in effect provides that such exemption shall not extend to any mortgage on the homestead lawfully obtained; but that any such mortgage or other alienation of the homestead by the owner thereof, if a married man, shall not be valid without the signature of the wife. Sec. 24, ch. 134, 2 Tay. Stats. 1871. The statute is plain and explicit that the mortgage shall not be valid without the signature of the wife to the same. We are not at liberty to refine upon the language, and destroy the effect of the provision by construction. In the decisions which this court has made under the statute, its spirit and intent have been scrupulously and faithfully maintained. It is needless to refer to the many cases where the question has been considered in one aspect or another. In the late case of *Ferguson v. Mason*, 60 Wis. 377, which counsel on both sides have cited to sustain their respective

views, Mr. Justice LYON says: "It is the settled law of this state, repeatedly recognized and enforced by the judgments of this court, that a conveyance by a married man of his homestead, containing no reservation of the homestead right, is null and void." Page 390. We are invited by respondent's counsel to reconsider this case and qualify the doctrine laid down in it. We decline to do so while the statute remains unchanged. The meaning and proper effect of the language used leave no room for doubt as to the intention of the legislature. It would be a violation of all rules of construction to hold that a mortgage by the husband of the homestead, without the signature of the wife to the same, was valid after the homestead right had expired. This would be pure legislation, importing into the statute important words which the legislature did not see fit to use.

Is there, then, any fact or circumstance which takes the mortgage out of the rule of the statute? We do not perceive that there is. It appears that the mortgagor had owned and occupied the land embraced in the mortgage as a homestead from some time in 1866 continuously until his death in 1880. In 1866 he married his second wife, who lived with him on the land until 1867, when she left the homestead and her husband and went to live in the city of Eau Claire, where she continued to reside separate from him during his life-time. On his death she did not return and occupy the homestead, but did receive the rents thereof as his widow until her death in 1885. The mortgage was then foreclosed by advertisement, and a certificate of sale issued to the respondent. Now, does the fact that the wife was living apart from her husband when the mortgage was executed, dispense with the necessity of her signature to the instrument to make it valid? We can see no reason or ground for holding that it did. The husband continued to occupy the homestead, and the marital relation also con-

tinued to the date of his decease. She was his lawful wife, though not living with him. We are in the dark as to her reasons for leaving him and her home. We cannot presume, in the absence of all evidence, that it was unsafe for her to live at home, or that she was driven from it by her husband's cruel and inhuman treatment. *Non constat* but she might have returned to her home at any time, and remained there, enjoying all the privileges of married life. But it is said that the wife deliberately abandoned the homestead which the statute gave her power to protect, presumably without cause; and, having done so, the disability of the husband to execute a valid mortgage upon it was removed. Were we to say the husband could execute a valid mortgage on the homestead without his wife's signature, because she was living apart from him, we should create an exception where the legislature has made none. The statute declares that a mortgage of the homestead by a married man shall not be valid without the signature of the wife to the same; and, as we have said, the land embraced in the mortgage was occupied as a homestead by the husband when the instrument was executed, and the marital relation existed between him and his wife. The disability of the husband was not removed because the wife had voluntarily left the homestead, and lived apart from him. In contemplation of law, the domicile of the husband is the domicile of the wife; his homestead is her homestead; and its character is not changed because the wife, for a sufficient reason, or for no reason, has seen fit to leave it and live separate from her husband.

Nor does the fact that the husband was old and infirm and poor, and that the mortgage was given by him for food and the necessaries of life furnished by the mortgagee, render the instrument valid. The husband might have abandoned his homestead, and acquired a new residence, and in that way have been able to give a mortgage to secure a legal indebtedness for his support; but while the

property remained a homestead his disability in respect to executing a mortgage upon it for any consideration continued.

On the death of the owner, not having lawfully devised the same, the homestead descended, free from all claims, to his widow during her widowhood, and on her death to his children. Sec. 2271, R. S. The mortgagor left no children by his second wife, but left two surviving him by a former wife. The plaintiff is the owner of an undivided half of the premises, and has commenced this action either under sec. 3186, R. S., or appealing to the powers of a court of equity to have the certificate issued on the foreclosure sale adjudged to be no lien or claim upon the premises. It is objected that the other child of the mortgagor should have been made a party; otherwise a court of equity will not exert its jurisdiction to remove the cloud upon the title. But it will be seen that sec. 3192, ch. 138, R. S., gives the remedy to one of several tenants in common as to his share or interest. It is suggested that this section only relates to actions of ejectment or actions for the possession of the land; but we think it clearly relates to this equitable action, if it is brought under this statute. But it is further said, a party is not entitled to invoke this equitable remedy unless he is in the actual possession of the land when the suit is instituted. But this may be fairly treated as an action *quia timet*, appealing to the general equity powers of a court which will grant the relief asked upon the facts stated in the complaint. *Pier v. Fond du Lac*, 38 Wis. 470. A court of equity is the proper tribunal to adjudge the certificate issued on the foreclosure sale null and void.

The judgment of the circuit court must be reversed, and the cause remanded with directions to grant the relief asked in the complaint.

*By the Court.*— It is so ordered.

See note to this case in 40 N. W. Rep. 149.— REP.