BOVINE v. SELDEN.

HOMESTEADS— LAND CONTRACTS— ASSIGNMENTS— NONJOINDER OF
    WIFE—VALIDITY—ABANDONMENT—ESTOPPEL.
    The assignment of a land contract constituting a homestead by
        the husband without the signature of the wife is void; but
        where it appears that the failure of the wife to execute such
        assignment was due to advice that it was not necessary, and
        that she voluntarily abandoned said homestead for another,
        and defendant in good faith had made valuable improve-
        ments thereon and incumbered the property, she is estopped
        by her conduct to assert such rights in a court of equity.

Appeal from Delta; Stone, J.  Submitted January 5,
1909.  (Docket No. 7.)  Decided March 3, 1909.

Bill by Olivine Bovine against Sarah L. Selden, John
M. Olson, and others, for the specific performance of a
land contract, and to set aside a deed.  Defendants Olson
filed an answer in the nature of a cross-bill to quiet title
to land.  From a decree dismissing the bill, and granting
the prayer of the cross-bill, complainant appeals.  Af-
firmed.

*Gallup & Gallup*, for complainant.

MOORE, J.  This is an appeal from a decree in a chan-
cery case.  The questions involved were clearly stated by
the trial court in a written opinion prepared by him,
which reads in part as follows:

"I have such grave doubt of the equities of the com-
plainant's claim that I am constrained to dismiss her bill
of complaint.  Her husband had a land contract of a lot
in the city of Escanaba, upon which a house was built,
and there is no doubt that on April 14, A. D. 1906, the
same was a homestead, and was the homestead of com-
plainant's husband and family, within the meaning of the

Constitution and statutes of this State. On that day complainant's husband assigned the said contract to the defendant John Olson, in a trade with said Olson, for a farm in the township of Bark River. Complainant did not join in this assignment, and that the assignment was void there can be no doubt. Although in her bill complainant alleged that she refused to join in such assignment, and that she never consented to it, and that the same was made against her protest, and that she was compelled under threats of her husband to remove from said premises, the evidence in the case fails to support any of said allegations, to warrant any such finding or conclusion. It does appear that her husband sought by such assignment of contract to dispose of the homestead and to trade it for a farm of 240 acres, situated in the township of Bark River, in said county, that prior to said trade she with her husband visited the farm and examined it, and that Olson and his wife visited the homestead, and the trade and exchange of property were discussed and agreed upon. Complainant did not join in the assignment of the contract, because the scrivener who drew the papers ignorantly advised that the same was not necessary.

"While complainant in her testimony seeks to make it appear that she reluctantly moved from the homestead, there is not a word of testimony that she objected or in any manner protested, or that she was compelled under threats of her husband, or in any way was compelled to remove from the place. There is nothing in the evidence to indicate that she made the least protest or objection, to Olson or anybody else, to leaving the premises with her husband and family. The trade seems to have been on Monday, and the complainant and family moved from the place near the close of the week to the farm. The actions and conduct of complainant and her family all indicated that they voluntarily moved from the home to the farm, without the least intention of ever returning to the place in Escanaba.

"In so far as the conduct of the two families was concerned, it was a mutual arrangement of the parties, in good faith, for the exchange of homes and properties. I think that the real question in the case, under all the circumstances as disclosed by the evidence, is: Was there an abandonment of the homestead by the complainant and her husband and the family? That the assignment of the

contract without the joining of the complainant was void there can be no question. If the husband and family may in good faith abandon the homestead, without making any deed or conveyance, is it any the less an abandonment when they, in good faith, move from one home to another, without the intention of returning, under a deed or conveyance which is void because the wife has, through her own or another's ignorance, failed to join in the same? It seems to me not. In determining whether or not there was an abandonment of the homestead, the court ought to consider the real intention of the parties and all of the surrounding circumstances.

" Had complainant remained in possession, or had she been forced out of possession, or had there been fraud or duress of any kind, a different question would be presented. I am satisfied that she and her husband and family moved away from the place in good faith, going to another home, without the slightest intention or thought of ever returning to the old home in Escanaba.

" It may be well to briefly examine some of the cases."

The learned judge then examined in detail many cases which were supposed to have a bearing upon the case, and concluded his opinion as follows:

" To my mind there is something inequitable in the claim of the complainant. She seeks to use as a sword what was intended to be a shield. After joining with her husband and family in removing from the homestead, without the slightest intention, on the part of any of them, of ever returning to it, and after going into a new home and settling there, and without the slightest objection, notice, or protest to defendant Olson, or other interested parties, to indicate that she had an intention of returning and claiming the former home, and after conditions have changed, and after an expenditure of more than $2,000 in improvements on the property, and the placing thereon of liens by way of mortgages in good faith, she, after more than a year has elapsed, files her bill to assert homestead rights. I do not claim that she had alienated her homestead, but it does seem to me that she had abandoned it, and that its character as a homestead had ceased. I shall therefore dismiss her bill, but without costs, and decree that defendant Olson's homestead rights in said lot be quieted as to said complainant's claim."

A careful reading of the record satisfies us as to the justice of his conclusions of fact, and we think the authorities sustain his conclusions of law.

Decree is affirmed, with costs.

BLAIR, C. J., and GRANT, HOOKER, and McALVAY, JJ., concurred.