BEHREND and wife, Respondents, vs. BUCHMANN and wife, Appellants.

*April 3—April 29, 1919.*

*Homestead: Boundary agreement: Consent of wife: Selection by husband of portion of town lot to constitute homestead: Injunction: Trespass: Threats to continue: Appeal: Review: Findings.*

1. Findings not against the clear preponderance of the evidence will be approved on appeal.
2. Land involved in an agreement as to the boundary line of town lots was not the homestead of one of the parties requiring the wife's consent to such agreement, where the land had not been acquired by such party by his deed and had been in possession of his adjoining owner and predecessors for eighteen years, and where the lot of such party was more than a quarter of

an acre, since by making the boundary agreement the party designated as his homestead land other than that involved in the agreement.

3. A husband, owner of the town lot upon which he and his wife live and which exceeds one quarter of an acre in area, is competent to select the portion of the lot to constitute the homestead.

4. Where landowners and their children have repeatedly trespassed upon adjoining lands and threaten to continue to do so, the adjoining owner may restrain such trespass.

APPEAL from a judgment of the circuit court for Outagamie county: EDGAR V. WERNER, Circuit Judge. *Affirmed.*

This action was brought by the plaintiffs to enjoin trespass by defendants on plaintiffs' lands.

*Robert* and *Ida Behrend* and *Fred Buchmann* were owners of adjoining lots in the village of Hortonville, Wisconsin, on November 12, 1914. For several years prior to this date there had existed a difference of opinion and some dispute between the plaintiffs and the defendant *Fred Buchmann* as to the division line between their respective tracts of land as described in their respective deeds. For the purpose of settling the dispute and of establishing permanently a boundary line between themselves, the plaintiffs and the defendant *Fred Buchmann,* on November 12, 1914, entered into an agreement in writing whereby a certain line was agreed upon and located as the partition line of their lands. In accordance with this agreement the plaintiffs, after November 12, 1914, rebuilt and moved their barn, which had previously overlapped the line agreed upon, so that the foundation now stands some twelve or thirteen inches away from the line. The defendants also moved a woodshed easterly and away from such line.

The court found, among other things, that the plaintiffs and their predecessors have been in possession and occupancy of the lands lying next west and up to the agreed line since 1896, and that the defendants have not used or occupied any portion thereof, except on several occasions to drive in

with a team on the driveway extending along and on the plaintiffs' premises just west of the agreed line, and except as they trespassed thereon after the agreed line of division had been located; that the tract of land owned by *Fred Buchmann* and occupied by him and his family exceeds in area one-fourth acre of land with dwelling-house and other buildings appurtenant thereon, and no part of the tract of land lying west from and next to and including said agreed line is a part of the land acquired by deed by *Fred Buchmann* and is not a part of the homestead of the defendants; that upon the divorce of the *Buchmanns* on October 2, 1916, *Fred Buchmann* conveyed his land above described to *Lena Buchmann;* that since April, 1916, and before the commencement of this action the defendants by themselves or their children have repeatedly and wilfully interfered with and trespassed upon the possession of the plaintiffs of the tract of land lying just west of and next to said agreed line and threaten to continue such trespass.   The court found also that the acts of trespass committed by the defendants or their children were very limited as to pecuniary damage, and for the purposes of this action assessed against them damages at six cents.

Judgment was entered finding the agreed line to be the proper line between the lands of the parties and enjoining the defendants from trespassing on the lands of the plaintiffs or from interfering with them in any way.   Six cents damages and costs were also adjudged to the plaintiffs.   This is an appeal from such judgment.

The cause was submitted for the appellants on the brief of *Francis S. Bradford* of Appleton, and for the respondents on that of *John Bottensek* of Appleton.

SIEBECKER, J.   It is contended that the court erred in finding that the land lying west of the line located and agreed upon by plaintiffs and defendant *Fred Buchmann* on November 12, 1914, as the correct division line between their properties, did not constitute a part of defendants' homestead and

that plaintiffs had been in actual possession and occupancy of these lands lying west of such line since 1896. It cannot be said that these findings are against the clear preponderance of the evidence, and hence they must be approved. The claim is made that the agreement of defendant *Fred Buchmann,* the husband of *Lena Buchmann,* by which he and the plaintiffs established the division line between their respective properties in November, 1914, has no validity in law because it conveyed part of defendants' homestead without consent of *Lena,* then the wife of *Fred Buchmann.* This claim is not well founded, because: first, the fact is established that the land west of the line is not a part of the premises defendants acquired under their deed and it is established that plaintiffs have been in actual occupancy and possession thereof since 1896; and secondly, since the land occupied by defendants on which their home is located is east of the division line agreed upon in November, 1914, and exceeds in area one quarter of an acre, it was legally competent for *Fred Buchmann,* the husband, and owner of the property, to select it as their homestead. *Fred Buchmann's* agreement with the plaintiffs, by which they established the designated division line, constituted a selection of what area was his homestead, and the homestead rights of his wife, *Lena,* attached to the area he so selected.

From this it follows that no part of their homestead was affected by the agreement fixing the division line between the property of plaintiffs and defendants.

The court found that defendants have repeatedly trespassed upon plaintiffs' premises and threatened to continue to do so. It is manifest that under the facts and circumstances of the case this equitable remedy restraining defendants from continuing these threatened wrongs is an appropriate and the only adequate remedy to protect the plaintiffs against the invasion of their legal rights to the property in question. We find no reversible error in the record.

*By the Court.*—The judgment is affirmed.