Hainz, Respondent, vs. Kurth and wife, Appellants.

*February 16—March 15, 1938.*

For the appellants there was a brief by *Rush & Devos* of Neillsville, and oral argument by *W. J. Rush*.

*H. G. Haight* of Neillsville, for the respondent.

FRITZ, J.    Upon this appeal the defendants assign as error that the question submitted to the jury in respect to the issue as to whether a deed was to be delivered without the alleged restriction against the use of the premises was not in proper form; and that the jury's verdict and the court's finding on that issue was contrary to the evidence.    Apparently no objection was taken on the trial as to the form of the question submitting that issue to the jury.    Consequently, a mere defect in the form thereof, which could have been corrected if timely objection had been made thereto on the trial, does not require a reversal.    However, there does not appear to be any fatal defect in the question submitted, and the jury's finding thereon was but advisory.    On the other hand, the evidence, although conflicting, fairly admitted of the jury's and the court's finding that the conveyance contracted for was not to contain the alleged restriction.

Defendants further assign as error the court's finding and conclusion that the acre in question was not a portion of the defendants' homestead, and that the plaintiff was entitled to a warranty deed therefor executed by the defendants without the restriction; and the entry of judgment in favor of the plaintiff instead of for the defendants.    Those assignments of error are based on the defendants' contention that because Mrs. Kurth elects to have the acre considered part of the defendants' homestead, their oral agreement for the conveyance thereof is invalid because she had not joined therein in writing as required under sec. 235.01, Stats.    In order to pass upon that contention, it suffices to note the following facts and circumstances.

The acre fronts on an east-and-west highway that is the north boundary of a forty-acre tract which includes that acre and belongs to William Kurth.    There is also a highway along the east line of that tract; and across and along the east side of that highway William Kurth owns one hundred twenty

acres, in the northwest corner of which the defendants' residence is located close to the highway intersection. William Kurth's barns are, however, in the northeast corner of the forty-acre tract across the highway, and the acre in question is to the west of those barns and twenty-two and one-half rods west of that highway. In order to have that acre considered as part of the total of forty acres which the defendants are entitled to hold as a homestead, they claim that they are entitled to select twenty acres,—including the land on which their residence is located,—in the northwest corner of the one-hundred-twenty-acre tract, and also twenty acres,—including the acre in question and the land on which their barns are located,—in the northeast corner of the forty-acre tract. In so far as the area, context, and buildings are concerned, the defendants would be entitled ordinarily to have those two twenty-acre tracts considered as their forty-acre homestead (*Eaton Center Co-op. Cheese Co. v. Kalkofen,* 209 Wis. 170, 244 N. W. 620); but in passing upon their right in that respect in relation to the plaintiff's rights, the following facts and circumstances must be taken into consideration. The oral negotiations in relation to the contract and the location of the acre sold thereby to the plaintiff were conducted partly in the defendants' residence, and with both of them present. With the knowledge and acquiescence of Mrs. Kurth, her husband measured and set off the particular acre, and they permitted the plaintiff to take possession thereof and construct his house and filling station thereon during the course of the following year, without either of them claiming that acre as part of their homestead until Mrs. Kurth intervened and answered herein after the jury verdict on the first trial.

In support of the defendants' contention that the agreement to convey is unenforceable because the acre is part of forty acres which the defendants elect to have as their home-

stead, and Mrs. Kurth did not evidence her consent to the conveyance thereof by joining therein, they rely upon the established rules that a husband's conveyance of land which constitutes the homestead is invalid in view of sec. 235.01, Stats., when it is made "without his wife's consent, evidenced by her act of joining" therein in writing (*Rosenthal v. Pleck,* 166 Wis. 598, 166 N. W. 445; *Helander v. Wogensen,* 179 Wis. 520, 191 N. W. 964; *Eaton Center Co-op. Cheese Co. v. Kalkofen, supra; Bartz v. Eagle Point Mut. Fire Ins. Co.* 218 Wis. 551, 260 N. W. 469); and that in the absence of her consent so evidenced, "the law of estoppel cannot take the place of the statutory requisite to alienation" of land constituting a homestead. *Cumps v. Kiyo,* 104 Wis. 656, 662, 80 N. W. 937.

However, in connection with those rules there must be noted the exception recognized by the court in stating in the *Cumps Case* that—

"The doctrine of this case and of those cited does not militate against the capacity of the wife to be affected by an equitable estoppel, as to whether specific property is or is not a homestead. . . ."

No such question, as to whether a wife could be equitably estopped to have specific property held to be a homestead, was involved under the facts in any of the above cases. But that question was involved and passed upon in *Krueger v. Groth,* 190 Wis. 387, 392–395, 209 N. W. 772, in which the plain-tiff and Gust Groth exchanged homestead farms under an oral contract, pursuant to which each moved with his wife and family to the homestead of the other. Groth sought to defeat plaintiff's action for specific performance on the ground that there was no written contract to convey in which his wife had joined. In holding that as between the husband and wife, he has the right of the selection and abandonment of the homestead, and that both were equitably estopped under the circumstances to assert the homestead exemption as a de-

fense to the action for specific performance, the court said (in a majority opinion) :

"Although the homestead is for the benefit of the family, yet as between the husband and the wife it is the husband who has the right of selection and the power of abandonment. . . .

"Although the constitutional and legislative provisions for such exemption have been steadfastly upheld, however far reaching the results may seem in many instances to be found in the decisions, nevertheless the right in the wife to invoke the protection of the statutes concerning the establishment of or alienation of interests in the homestead is not so absolute and unqualified as to be beyond recognized and well-established equitable doctrine.

"The protection of the homestead exemption cannot be used as a shield to prevent the recovery of trust funds put into its purchase or improvement (*Warsco v. Oshkosh S. & T. Co., ante,* p. 87, 208 N. W. 886, *supra*) ; neither can it or ought it prevent the application of the equitable doctrine of estoppel where in reliance upon the acts, or omissions to act, by both husband and wife the other party to the transaction has been injured, and when, after substantial performance by the one party, the husband and wife, or either of them, attempt to assert by their pleadings reliance upon such drastic statutory regulations.

"That equitable estoppel may affect homestead and dower rights is generally recognized. 10 Ruling Case Law, 749; 13 Ruling Case Law, 662; 29 Corp. Jur. 958, 959. A case. very similar to the one here is *Grice v. Woodworth,* 10 Idaho, 459, 80 Pac. 912, 69 L. R. A. 584, where a purchaser by oral contract from husband and wife entered into possession of their homestead, paid the purchase price, and made improvements thereon with the full knowledge and consent of the wife, and was held entitled to a decree requiring conveyance of the premises to him, and this under statutes similar to ours; and it was also held that such provisions were not intended to operate as a shield to relieve against fraud and are subject to the rules of equitable estoppel and waiver. . . .

"That a wife may subject herself to the provisions of the doctrine of equitable estoppel even though in the teeth of statutes like ours as to the homestead is also recognized in

such cases as *Bovine v. Selden,* 155 Mich. 556, 119 N. W. 1090, 130 Am. St. Rep. 579; *Stotts v. Stotts,* 198 Mich. 605, 165 N. W. 761."

In *Behrend v. Buchmann,* 169 Wis. 242, 245, 171 N. W. 958, the plaintiffs and the defendant, Buchmann, settled a village lot-line dispute by signing a written agreement in which the latter's wife did not join. Buchmann surrendered some land under the agreement, but he had still more than a one-quarter-acre village homestead, and thereafter each party moved his buildings so that they were within the agreed lot line. In overruling the defendant's contention that Buchmann's conveyance was invalid because his wife had not evidenced her consent by joining therein, although it conveyed land which could have been considered part of their homestead, the court said:

". . . Since the land occupied by defendants on which their home is located is east of the division line agreed upon in November, 1914, and exceeds in area one quarter of an acre, it was legally competent for Fred Buchmann, the husband, and owner of the property, to select it as their homestead. Fred Buchmann's agreement with the plaintiffs, by which they established the designated division line, constituted a selection of what area was his homestead, and the homestead rights of his wife, Lena, attached to the area he so selected.

"From this it follows that no part of their homestead was affected by the agreement fixing the division line between the property of plaintiffs and defendants."

Under the rules applied in the two cases last cited, it was legally competent for William Kurth to select the particular forty acres which were to constitute the defendants' homestead and to omit therefrom the acre in question; and after he, with the knowledge and acquiescence of his wife, had measured and set off that acre as the land which they contracted to sell to the plaintiff, and the latter thereupon, with the wife's knowledge and acquiescence, had constructed his dwelling and filling station thereon, she was estopped from

claiming that that acre was a portion of the defendants' homestead. Consequently, the contract to convey that acre was not invalid because her consent thereto was not evidenced by her act of joining therein in writing as required under sec. 235.01, Stats.; and by reason of the plaintiff's payment of the agreed consideration, and his construction of valuable improvements thereon as the purchaser thereof, with the defendants' knowledge and acquiescence, he was entitled to specific performance by a conveyance effective as to the entire estate of the defendants therein, including their homestead rights, as well as her inchoate right of dower. *Krueger v. Groth, supra; Overman v. Hathaway,* 29 Kan. 434; *Stern v. Francis,* 91 N. J. Eq. 205, 109 Atl. 737; 58 C. J. p. 927, § 93.

*By the Court.*—Judgment affirmed.