RADTKE, Appellant, vs. RADTKE and others, Respondents.

*May 18—June 15, 1945.*

*A. H. Shoemaker* of Eau Claire, for the appellant.

For the respondents there was a brief by *Ramsdell, King & Linderman* of Eau Claire, and oral argument by *Bailey Ramsdell.*

WICKHEM, J.   The facts are not in dispute.   Charles F. W. Radtke married plaintiff on September 23, 1933.   Because of ill-treatment at the hands of the husband, plaintiff left the home of the parties on August 17, 1934, and never thereafter lived with him.   On the date of his marriage, Radtke was the owner of a homestead in the city of Eau Claire, and some four days after the marriage he executed a warranty deed to himself and his wife as joint tenants.   After plaintiff left the home of her husband, he continued to reside on the homestead premises until September 17, 1941, when he went to a hospital for treatment.   On October 21, 1941, without the knowledge or consent of plaintiff, he executed a warranty deed conveying his undivided one-half interest in the premises to his three children by a former marriage, the defendants in this action.   Plaintiff, of course, did not join in the deed.   Radtke left the hospital on February 25, 1942, and resided until his death on August 4, 1942, with his daughter, the defendant Emma Radtke Olson.   Defendants took possession of the property upon receiving the deed and leased the entire premises from that date.

The trial court found as a fact that at the time of executing the deed Radtke neither expected to recover nor return to the property, and as a conclusion of law that on the date of the conveyance the premises were not the homestead of Radtke. The interlocutory judgment dismissed plaintiff's complaint and adjudged that defendants were entitled, upon their counterclaim, to a partition.   It was ordered that the property

be sold for cash and that there be an adjustment of all claims for improvements, rents, and profits, and the taxation of costs and attorneys' fees.

Sec. 235.01, Stats., provides, in part, as follows:

"But no mortgage or other alienation by a married man of his homestead, exempt by law from execution, or any interest therein, legal or equitable, present or future, by deed or otherwise, without his wife's consent, evidenced by her act of joining in the deed, mortgage or other conveyance, shall be valid or of any effect whatever, except a conveyance from husband to wife."

Sec. 272.20 (1), Stats., relating to homestead exemptions, provides, in part, as follows:

". . . Such exemption shall not be impaired by temporary removal with the intention to reoccupy the premises as a homestead nor by the sale thereof, but shall extend to the proceeds derived from such sale to an amount not exceeding five thousand dollars, while held, with the intention to procure another homestead therewith, for two years. Such exemption extends to land owned by husband and wife jointly or in common and to the interest therein of tenants in common, having a homestead thereon, with the consent of the cotenants, and to any estate less than a fee."

Plaintiff contends that the premises were clearly the homestead of Radtke until he went to the hospital in September, 1941; that his going to the hospital did not constitute an abandonment of the homestead, and that, consequently, the only act that can be relied upon as an abandonment of the homestead is the conveyance without his wife's consent of his joint interest to his children. Plaintiff claims that to permit this to come in as evidence of abandonment would be to emasculate the statute since it would give to an act declared void by the legislature the effect of an abandonment which in turn would validate the void act.

The statute is clear enough. It is also clear that homestead rights, as distinguished from dower, are not estates, and that

the husband has it within his power to abandon the property as his homestead, thereby defeating the right which his wife theretofore had to veto the sale of the homestead property. *Krueger v. Groth,* 190 Wis. 387, 209 N. W. 772; *Hainz v. Kurth,* 227 Wis. 260, 278 N. W. 413; *Beranek v. Beranek,* 113 Wis. 272, 89 N. W. 146. Once the property ceases to be a homestead, Radtke could sever the joint tenancy by conveyance of his interest. *Campbell v. Drozdowicz,* 243 Wis. 354, 10 N. W. (2d) 158.

While plaintiff is doubtless right in asserting that there must be some act of abandonment, aside from the deed, in order to defeat the wife's homestead rights, we are confronted here with a finding that the husband at the time of the execution of the deed had left the premises with the intention never to return. This is supported by the record. He had left his home, knew himself to be fatally afflicted with cancer, and incapable of living alone and caring for himself. He never did return, and with his consent the home was dismantled after execution of the deed. Upon these facts the trial court was entitled to find an abandonment within the doctrine of the cases heretofore cited.

*By the Court.*—Judgment affirmed.