**In re BLODGETT.**

**No. 28160.**

United States District Court
E. D. Wisconsin.

Sept. 16, 1953.

J. E. Kitzke, Kitzke & Kitzke, Milwaukee, Wis., for bankrupt.

Benton, Bosser, Becker, Parnell & Fulton, Appleton, Wis., for trustee, Allen B. Adams.

TEHAN, District Judge.

The bankrupt, Charles Herman Blodgett, owner in joint tenancy with his wife, Genevieve, of certain homestead property, appraised at $16,000, asks review of the order of the referee for the sale of the homestead and for disposition of the proceeds. The referee's order dated March 9, 1953, provides as follows:

"It Is Ordered that the homestead of the bankrupt and his wife, Genevieve Blodgett, be sold free and clear of encumbrances; that the $5,100.00 first mortgage placed against the premises by the joint owners be paid plus interest to date of payment.

"It Is Further Ordered that out of the remainder of the proceeds there be set aside to the bankrupt and his wife the sum of $5,000.00 as and for their homestead exemption.

"It Is Further Ordered that of the remainder, one half be retained by the trustee for the benefit of the creditors of the bankrupt estate and the remaining one half be paid to Genevieve Blodgett, the wife of the bankrupt, for her share as a tenant in common."

The first of the two questions presented on this review is: "Has the court the authority to order the sale of the homestead as an entirety including therein the interest of the wife, Genevieve Blodgett, who owns the premises jointly with her husband, the bankrupt?"

. The answer to this question clearly must be in the affirmative. Section 2, sub. a(7), Chapter 2 of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(7), gives the Bankruptcy Court jurisdiction to:

"(7) cause the estates of bankrupts to be collected, reduced to money, and distributed, and determine controversies in relation thereto, except as herein otherwise provided, and determine and liquidate all inchoate or vested interests of the bankrupt's spouse in the property of any estate whenever, under the applicable laws of the State, creditors are empowered to compel such spouse to accept a money satisfaction for such interest;"

The question arises as to whether under Wisconsin law the spouse, Genevieve Blodgett, could be compelled to accept a money satisfaction for her interest in these premises. Under the provisions of the Bankruptcy Act, the trustee of the estate of the bankrupt, upon his appointment and qualification, is vested by operation of law with the title of the bankrupt to all property not exempt, as of the date of the filing of the petition in bankruptcy. 11 U.S.C.A. § 110. Thus, by operation of law, the trustee here has become vested with title to the bankrupt's interest in the property. The joint tenancy between the bankrupt and his spouse has been severed, and the trustee and the bankrupt's spouse each have a half interest in the property as tenants in common. In Wisconsin the trustee as tenant in common can have a partition pursuant to Section 276.01 of the Wisconsin Statutes, which provides in part:

"Joint tenants, or tenants in common of lands, may have partition thereof * * *."

In addition, Sections 272.20, 272.21 and 370.01(14) of the Wisconsin Statutes provide clear authority for ordering a sale of a homestead, transferring the owner's homestead rights to the proceeds, and making the excess available for creditors.

The second question presented in this review is: "Is the bankrupt entitled to a $5,000 homestead exemption out of *his* interest alone?" The homestead exemption is provided for by Section 272.20 of the Wisconsin Statutes, as follows:

"272.20 *Homestead exemption definition.* (1) An exempt homestead as defined in section 370.01 (14) selected by a resident owner and occupied by him shall be exempt from execution, from the lien of every judgment and from liability for the debts of such owner to the amount of $5,000, except mortgages, laborers', mechanics' and purchase money liens and taxes and except as otherwise provided. Such exemption shall not be impaired by temporary removal with the intention to reoccupy the premises as a homestead nor by the sale thereof, but shall extend to the proceeds derived from such sale to an amount not exceeding $5,000, while held, with the intention to procure another homestead therewith, for 2 years. Such exemption extends to land owned by husband and wife jointly or in common and to the interest therein of tenants in common, having a homestead thereon with the consent of the cotenants, and to any estate less than a fee."

At the time the Wisconsin Constitution was adopted in 1848, it contained the following provision making it mandatory upon the legislature to pass a homestead exemption law:

"The privilege of the debtor to enjoy the necessary comforts of life shall be recognized by whole-

some laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted." Wis.Const. Art. I, Sec. 17.

Pursuant to this mandate, the first session of the legislature, in July, 1848, Laws 1st session, 1848, p. 40, enacted the first homestead exemption law, providing that forty acres in the country and one-fourth of an acre in the city should be exempt from execution when used as a homestead.

Originally the statute restricted the homestead only as to the amount or area of land, and not as to value, thus giving rise to abuses which were pointed out by the court as early as 1859. In the case of Phelps v. Rooney, 1859, 9 Wis. 70, the debtor owned a $15,000 building and lived in the upper part, with the lower part being leased as a store and returning to the debtor annual rental income of $1,500. The court pointed out,

"Few candid persons would contend that this law was not defective, and that the grossest abuses do not find sanction under its provisions in many cases every day. Instead of securing to the debtor a reasonable amount of property, and a dwelling house for himself and family, of limited value, which shall be exempt from seizure, or sale, or even of placing it beyond the power of the debtor to alienate his dwelling without the consent of the wife; we have a statute which exempts a homestead, consisting of forty acres of land, with the dwelling house and appurtenances thereon situated, and which may not be included in any town plot or village; or a quantity of land not exceeding in amount one-fourth of an acre, in a city or village, with the dwelling house thereon, and its appurtenances, and which exempted property we all know may be, and frequently is, worth ten, twenty, thirty, or forty thousand dollars. And the whole policy of the legislation of the state has

been to extend rather than restrict the privileges of the exemption laws.

"The courts, whatever they may think of the general policy of this legislation, and whatever hardships may arise in particular cases in consequence of it, can only construe and interpret the statute as they find it. When the law is on its face sufficiently intelligible, and when a case clearly falls within the operations of its provisions, I feel it my duty rigidly to enforce it, whatever may be my notions of its policy or equity. So, in the present case, while it may be a hardship, that the respondent should enjoy, free from all compulsory power of the courts to subject it to the payment of his just debts, a property, (a homestead as I think it is), a portion of which he can rent for twelve or fifteen hundred dollars a year; yet, if the statute exempts it, we must so declare."

In spite of abuses such as those described in the Phelps case, however, it was not until 1901 that a statute, Wis. Laws 1901, c. 269, was enacted placing the $5,000 limitation as to value upon the homestead, in addition to the original limitation as to area.

It should be noted that the mention in Section 272.20 of joint property of the husband and wife refers only to the type of estate in land that may constitute a homestead and we think it clear that it is not intended to designate who may claim the homestead right, nor to place any further restrictions upon the right as to value or otherwise. In the case of West v. Ward, 1870, 26 Wis. 579, the court held that to constitute a homestead the land must be owned in severalty, that an undivided interest in land could not constitute a homestead. It was to remedy this defect that the statute was amended so as to include the reference to property owned by husband and wife, jointly or in common.

The statute grants the homestead right to a "resident owner" and does not state whether the husband or the wife may claim the exemption, or whether each

may claim a separate $5,000 exemption; or whether the $5,000 is a joint exemption to be divided between the husband and the wife. Originally the homestead exempted by the statute was that which was selected by the "owner" thereof. This was amended to read "resident owner" in 1935. Wis.Laws, 1935, c. 541, § 232.

In the instant case, the referee held that the bankrupt could not claim for himself the full exemption in joint property but could only claim a fractional part. Thus, the order of the referee in effect makes it a joint exemption, dividing it between the bankrupt and his spouse equally, so that each has a $2,500 exemption on his share of the property. The bankrupt argues that he is entitled to the full $5,000 exemption on his share of the jointly held property.

█ Although it would seem that this type of situation must arise with great frequency, and the homestead exemption law has now been in effect for over one hundred years, there appears to be no Wisconsin case law covering the point. The homestead interest has its origin in statutory provisions, nothing like it being known at common law. 40 C.J.S. Homesteads, § 3, page 433. Because of the difference in the wording of the homestead laws in the various jurisdictions, the homestead interest created by such laws varies widely, and consequently, the decisions handed down in other jurisdictions are not too helpful in construing our own statute.

It probably never occurred to the members of the 19th century Wisconsin legislatures that there would ever be a question such as that presented here for decision. The thinking of those early days can be best demonstrated perhaps by noting that the first proposed Wisconsin constitution contained an article granting equal property rights for married women. The reaction of some of the members of the constitutional convention is described in Wisconsin Annotations (1950) p. 1613, as follows:

"When it was proposed that the common law relating to ownership of property by married women be set aside there was some consternation. One member, E. V. Whiton, who later became a justice of the supreme court, vehemently declared that such a practice 'would entail the utter destruction of the home and the annihilation of the marriage contract itself.' The article, however, was adopted."

Nevertheless, the Wisconsin voters refused to ratify the first draft of the constitution, and one of the articles arousing much resentment was that which proposed equal property rights for married women. The second proposed constitution, and the one which was eventually ratified, omitted the article giving married women the right to hold property. Wisconsin Annotations (1950) p. 1613.

It is true that within two years thereafter the Married Women's Act of 1850, Laws 1850, c. 44, was passed, giving the wife the right to hold and control her own separate property. Nevertheless, the Act of 1850 only limited the old common-law principle that the husband and wife were one and that the husband was the one. In many respects and for many years thereafter, the old theory continued to exist. See 1 Marq.L.Rev. 7–19 and 53–64.

The principle of supremacy of the husband is reflected in the decisions dealing with the homestead right. The Wisconsin court has stated that the homestead of the husband is in contemplation of law, the homestead of the wife and that its character is not changed by the fact that she with or without reason chooses to live separate from the husband. Herron v. Knapp Co., 1888, 72 Wis. 553, 40 N.W. 149. In addition, he has the right to change his domicile, and to surrender and abandon his former homestead by leaving the old one and securing a new one at will without his wife's consent and even against her wishes.

"This results from the dependent condition of the wife, and the giving of the husband, as the *head* of the family, the right to make and select

the family domicile." Beranek v. Beranek, 1902, 113 Wis. 272, 278, 89 N.W. 146, 148. See also Radtke v. Radtke, 1944, 247 Wis. 330, 19 N.W. 2d 169.

The court has further stated that during the husband's life he is the absolute owner and possessor of the homestead and the statute which imposes a limitation upon his right to convey or incumber it does not create a concurrent estate or possession in the wife. Mash v. Bloom, 1905, 126 Wis. 385, 105 N.W. 831. In view of the language and treatment accorded the husband's rights in the above cases, it would seem that the husband is entitled to claim a full $5,000 homestead exemption.

This is particularly true in view of the tendency of the court to give the words of the statute a fairly liberal interpretation and construction, as shown in such cases as Phelps v. Rooney, supra; Hoyt v. Howe, 1854, 3 Wis. 752; West v. Ward, 1870, 26 Wis. 579; and Myers v. Ford, 1867, 22 Wis. 139. The statute provides that a "resident owner" may claim the right of the homestead, and the bankrupt clearly falls within this classification. It must always be borne in mind that the purposes of the exemption laws are beneficent ones, and it is the duty of the court to construe them liberally rather than narrowly. Binzel v. Grogan, 1886, 67 Wis. 147, 29 N.W. 895.

The parties on this review discuss pro and con the question of whether both the bankrupt and his wife are entitled to a separate $5,000 exemption. For example, the trustee argues that the phrase, "such exemption extends to land owned by husband and wife jointly or in common * * *", speaks of a single $5,000 exemption, and that there is no suggestion in the statute that husband and wife can have two exemptions in the same piece of property. And it is true that the homestead exemption historically was considered to be in its nature a family proposition and for the protection of the family home. Cumps v. Kiyo, 1899, 104 Wis. 656, 80 N.W. 937. Nevertheless, the language of the statute does not necessarily negate the idea that a husband and a wife can each have a single $5,000 exemption in a piece of jointly owned property.

There is nothing in the wording of the statute that places any kind of family limitation upon it, nor is there anything in the statute to suggest that the exemption is to be divided in the case of joint ownership. The Wisconsin court has in fact, held that the benefits of the law are not restricted to married men, and that a single man who owns real estate and resides upon it is entitled to homestead rights. Myers v. Ford, 1867, 22 Wis. 139.

In the Myers case, 22 Wis. at page 141, the court said:

"The statute speaks of the 'owner,' 'resident,' 'householder,' as descriptive of the persons who are entitled to the benefit of the exemption. A man may be an 'owner,' 'resident,' and 'householder,' without being married."

So too, it would seem to us a substantial case can be made that a married woman may be an "owner," "resident," and "householder," within the terms of the statute, and we wonder whether a married woman who may be an "owner," "resident," and "householder" can be denied the benefit of the exemption, especially in view of the substantial enlargement of the political and economic rights and privileges of women in this past half century.

The question of whether the wife is also entitled to a full homestead exemption in her own right as a "resident owner" is an intersting one, but it is not necessary to decide the point in the case now before the court. However, it seems reasonably certain that the question will arise in the future. Rather than to leave such matters for determination by the courts, it would seem that the legislature might with profit re-examine the homestead statutes in the light of present day conditions and determine for themselves what will best accomplish the end sought by the Wisconsin Constitution, namely, "wholesome laws, exempting a reason-

able amount of property from seizure or sale" for the payment of debts and liabilities.

■■ In the view this court takes of the case, the bankrupt is entitled to a full $5,000 homestead exemption. In the event of sale, proper disposition of the proceeds will be, First, pay the $5,100 first mortgage plus interest to date of payment; Second, divide the balance, setting aside half for the wife, and applying the husband's $5,000 homestead exemption to his half. The balance of the husband's half would then be available to creditors.