In the Matter of Harry William KAMINSKY, Bankrupt.

Charlotte KAMINSKY, Appellant,

v.

Albert C. HELLER, Trustee.

No. 16837.

United States Court of Appeals Seventh Circuit.

Aug. 1, 1969.

George E. Frederick, Milwaukee, Wis., for appellant, Michael A. Clarke, Milwaukee, Wis., of counsel.

Truman Q. McNulty, Milwaukee, Wis., for appellee.

Before KILEY, SWYGERT and CUMMINGS, Circuit Judges.

KILEY, Circuit Judge.

This appeal presents the question whether appellant, debtor's wife, was denied due process by a bankruptcy referee's order confirming the sale of debtor's real estate free of, among other interests, appellant's "inchoate dower." The district court denied appellant's petition to review. We affirm.

The trustee petitioned for sale of debtor's three acre improved real estate fronting on Lake Michigan in Wisconsin. He, as debtor, had scheduled the property as his homestead valued at $160,000. The court-appointed appraiser set the value at $145,000. The referee authorized the sale of the property "free and clear of all liens and encumbrances, or of any dower right of Charlotte Kaminsky, * * * and with all such liens and encumbrances and dower rights to be transferred and attached to the proceeds of said sale." The property was sold for $151,000 subject to a mortgage of $82,000, in which appellant had joined as mortgagor, and United States tax liens of $48,000.

The appellant, having notice of the trustee's petition, objected unsuccessfully to the order authorizing the sale. She filed a petition to review the referee's order. At a post-sale hearing the referee overruled appellant's objections to confirmation of the sale. She petitioned to review the order of confirmation. The petitions were consolidated in the district court and were denied.

In her petition to the district court appellant asserted "dower and homestead rights" in the property and relied upon the following grounds to set aside the sale: (1) she had not consented to the sale of her "interest"; (2) the sale price was inadequate because of the referee's failure to obtain the best price available; (3) failure to take into consideration an enhanced value if the property was divided; and (4) failure to realize that the sale made with these shortcomings would leave no surplus fund for general creditors after paying administration costs.

■ We see no merit to the claim that appellant's consent was needed to validate the sale. The power of the referee to direct the sale free of liens, etc., is not challenged. 11 U.S.C. § 11(a)(7). The sale as confirmed leaves her "inchoate interest" reserved to the proceeds of the sale. This transfer of what interest she has to the proceeds of the sale is authorized by Wisconsin law. In re Blodgett, 115 F.Supp. 33 (E.D.Wis. 1953). See also 4A Collier, Bankruptcy ¶ 70.99(3) (14th ed. 1967). She had no dower interest in the homestead under Wisconsin law. Wis.Stat. Ann. § 233.01, and her Wisconsin "homestead rights" were of inheritance. Wis.Stat.Ann. § 237.02. During his life, debtor is "absolute owner and possessor of the homestead." In re Blodgett, *supra* at 38.

Appellant contends that the sale price was inadequate because the property, if divided, as urged by her, would have brought $175,000, instead of $151,000, to the bankrupt estate, and would have thus enhanced the position of general creditors. The division she urged would have had the effect of dividing the property into three parts, the homestead of one acre and a "large house," and two lots of one acre each. Although appellant had no "inchoate dower" in the homestead, presumably this division would have given her "inchoate dower" interests in the two lots.

■ But the district court held that appellant had waived whatever right she had to urge the division for the first time, at the confirmation hearing. The property was scheduled as a unit by the debtor, was mortgaged by debtor and appellant, and was taxed as a unit. In any event, the court held, the projected value as divided was supported only by an unofficial appraisal in a realtor's letter offered by appellant. This was speculative and unrealistic in view of the court-appointed appraiser's evaluation. Moreover, the projected development of the lots as divided was not shown to fit zoning restrictions. These reasons are not controverted and we are unable to say that the court's conclusion of waiver on these considerations was an abuse of discretion, or that the court's "in any event" conclusion is erroneous.

■■ The district court found meritless appellant's contention that the sale of the property, if confirmed, would leave nothing for general creditors. Presumably appellant also urges this contention as a factor in showing lack of due process in the deprivation of her claimed "inchoate dower" interest. It cannot be said that she had no notice, was denied a hearing, or was deprived of any property.

■ The district court found, after deducting the amount of the mortgage, tax liens and the debtor's $10,000 homestead interest from the sale price, there was an "excess of $10,000" as surplus with a likely enhancement from a settlement of the tax liens. This finding has not been shown to be clearly erroneous and justified confirmation of the sale, since a sale is allowed if a surplus for general creditors results. See 4A Collier, *supra*, ¶ 70.97(2). The power of the referee to transfer the "inchoate dower" interest to the proceeds of the sale was a necessary prerequisite to displace that interest from the property. This leaves appellant with the opportunity to prosecute her claim against the proceeds. See 4A Collier, *supra*, ¶ 70.99(3).

In this court appellant argues that the Wisconsin statute excluding dower in homestead property speaks only of a "widow's" interest and does not exclude an "inchoate dower" interest. However, whatever dower interest she may have is remitted to the proceeds of the sale, and does not remain in the property.

In our opinion the district court did not err in concluding that the pressure of the mortgagee for freedom from restraint on foreclosure imposed earlier, the need of early action on settling the tax liens and the law's interest in an ex-

peditious closing of the bankrupt estate, justified both the sale as made and the denial of the petition to review.

For the reasons given, the district court judgment is affirmed.